JiTHIBODEAUX, Judge.
Plaintiff, Anthony J. Roy, Jr., appeals a grant of summary judgment dismissing his defamation suit in favor of defendant, Timothy P. Coco.
*1140 We affirm the judgment of the trial court. The record reasonably demonstrates that the alleged defamatory statements made in letters from Coco to federal bank examiners about Roy were protected expressions of opinion made |2without knowing or reckless falsity. As such, they are insulated from a viable tortious attack.

ISSUE

The issue before this court is whether the trial court erred in finding there was no issue of material fact and that summary judgment for Mr. Coco was proper.

FACTS

Anthony J. Roy, Jr. filed a defamation suit against Timothy P. Coco. Mr. Roy alleged Mr. Coco wrote letters containing defamatory statements to federal bank examiners about the proposed merger of three Avo-yelles Parish Banks.
At the time of the alleged defamation, Mr. Roy, as majority shareholder and officer of the three banks, sought approval from various regulatory authorities to merge Mansura State Bank, Central Louisiana Bank & Trust Company, and the Cottonport Bank. In November, 1991, Mr. Coco, a minority shareholder of Mansura Bankshares Inc., (Mansu-ra Bank is a subsidiary of this organization), wrote a letter to Lisa Ingram, an examiner with the Federal Reserve Bank of Atlanta, Georgia. Mr. Coco’s letter expressed his concerns about the merger application and about Mr. Roy’s management abilities. The proposed bank merger was not approved in 1991.
In 1992, Mr. Roy again sought approval for the merger. Mr. Coco wrote to Hal Lipsey, an examiner and financial analyst with the Federal Reserve Bank of Atlanta, expressing his concerns about the merger. Mr. Coco attached a copy of his earlier letter, and sent both letters to all parties authorized to receive correspondence about the merger application. The banks were merged on December 31, 1992. Mr. Roy became the president of the new entity, Cottonport Bank.
IsMr. Roy filed this defamation action seeking damages from Mr. Coco for his statements to the bank examiners and to other interested parties. Mr. Coco filed a motion for summary judgment, claiming no genuine issues of material fact were at issue. Mr. Roy filed affidavits denying that he lied to shareholders or provided misleading and inaccurate financial statements. The trial judge granted Mr. Coco’s motion for summary judgment, finding Mr. Coco’s statements were subjective opinions and, therefore, were not defamatory. Mr. Roy appeals.
On appeal, Mr. Roy argues at least two factual disputes are at issue, including whether he lied to shareholders and whether he submitted false or misleading and inaccurate financial statements to regulatory authorities.

LAW & ANALYSIS

The essential elements of a defamation action are: (1) defamatory words; (2) publication or communication to some person other than the one defamed; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Supermarkets, 390 So.2d 196 (La.1980).
In Mashburn v. Collin, 355 So.2d 879 (La.1977), the supreme court established the first amendment protects expression of opinions about matters of public concern made without knowing or reckless falsity. The court clarified its position in Bussie v. Lowenthal, 535 So.2d 378 (La.1988), which held a statement of pure opinion, based totally on the speaker’s subjective view which does not state or imply the existence of underlying facts, is afforded complete protection under the first amendment. Opinions which state or infer that certain false facts are true will still be protected if the statements were made without knowing or reckless falsity.
Certain statements are protected by privilege. A person may enjoy a qualified or conditional privilege in making a statement, if it is made (1) in goodj^faith; (2) on a subject in which the person communicating has an interest or owes a duty; and (3) to a person having a corresponding interest or duty. Alford v. Georgia-Pacific Corp., 331 *1141 So.2d 558 (La.App. 1st Cir.) writ denied, 334 So.2d 427 (1976).
In order to establish the element of good faith, it must be shown that the person making the allegedly defamatory statements had reasonable grounds for believing that the statements were true and that he honestly believed the statements were correct. Cormier v. Blake, 198 So.2d 139 (La.App. 3rd Cir.1967); Miller-Douglas v. Keller, 579 So.2d 491 (La.App. 4th Cir.), writ denied, 581 So.2d 709 (1991).
The trial court noted seven statements in the two letters were alleged to be defamatory. The allegedly defamatory statements were:
(a) Mr. Roy is not qualified to run a bank.
(b) He hires incompetent people.
(c) He is not running the bank for the benefit of the stock holders or the community.
(d) He has provided misleading and inaccurate financial statements to the Federal Reserve in the past.
(e) He exerts poor leadership and management ability.
(f) He lied to the shareholders of Mansura Bankshares.
(g) He was unqualified to manage a $100,-000,000.00 bank.
All of the above statements, with the exception of the allegation of lying to the shareholders, were Mr. Coco’s subjective opinions, according to the trial judge. Mr. Coco gave reasons for his opinions about Mr. Roy’s leadership, qualifications, and management skills in his deposition. The trial judge found shareholders often have opinions about management’s qualifications, the competence of employees, and Iswhether reports are misleading or inaccurate. He found this criticism distinguishable from accusing management of stealing or defrauding the company.
The trial judge examined the allegation that Mr. Roy lied to the shareholders in the context of his failure to answer a question at a shareholder’s meeting. He found this statement was clearly part of Mr. Coco’s opinion that Mr. Roy exhibited poor leadership and management ability.
We agree with the trial judge’s ruling. Mr. Coco had worked with Mr. Roy and had personal experience with his management techniques and with the employees of the company. Mr. Coco made his statements in good faith, on a subject in which he had an interest and a duty, and only made those statements to people having corresponding interests and duties. Mr. Coco’s letters reflect his opinion, and were made without knowing or reckless falsity. He established his statements were protected as opinion and subject to his privilege as a shareholder in the corporation.

DECREE

We affirm the trial court’s judgment which granted the defendant’s motion for summary judgment. We assess the costs of the appeal to plaintiff-appellant, Anthony J. Roy, Jr.
AFFIRMED.