703 So.2d 736 (1997)
Rickie Joseph ALBARADO and Dolores Albarado
v.
Geraldine ABADIE, The ABC Insurance Company and The XYZ Insurance Company.
No. 97-CA-478.
Court of Appeal of Louisiana, Fifth Circuit.
November 12, 1997.
Writ Denied February 13, 1998.
*738 Curtis Gordon, Harvey, for Plaintiffs/Appellants.
Geraldine Abadie, Marrero, in proper person.
Before GRISBAUM, WICKER and DALEY, JJ.
WICKER, Judge.
Plaintiffs, Rickie Joseph Albarado and Dolores Albarado, appeal a judgment dismissing their defamation lawsuit against Geraldine Abadie on an exception of no cause of action. We reverse and remand the matter for further proceedings.
Plaintiffs' petition alleged Abadie is liable to them for both negligent and intentional torts as follows:
V.
That on or about August and/or September 1994, Geraldine Abadie published a libelous statement against your petitioners. More particularly, Geraldine Abadie stated to Allstate Insurance Company and/or their agents that Ricky Joseph Albarado and/or Dolores Albarado had conspired to burn their home located at 1121 Orchid Street in Harvey, Louisiana, said actions being done in the Parish of Jefferson, State of Louisiana.
VI.
That because of the actions of Geraldine Abadie, Allstate Insurance Company, insurer of the property located at 1121 Orchid Street, Harvey, Louisiana, and owned by your petitioners, refused to make payment under this policy, which payment would have otherwise been made.
VII.
Your petitioners suffered damages in the following respects to-wit:
A. Payment for damages to their home was deferred from September, 1994, until April and May, 1995.
B. Out-of-pocket expenses because of this deferment of settlement of their insurance claim.
C. Mental anguish.
D. Loss of enjoyment of life.
E. Attorney's fees incurred for settlement of their claim against Allstate.
Abadie filed an exception of no cause of action and alternative motion for summary judgment. The trial court sustained the exception of no cause of action and dismissed plaintiffs' demands. In oral reasons for judgment, the trial court stated:
I think, from the tone of it, Ms. Abadie was representing her client to the best of *739 her ability and probably pursued a course of action that she thought best for her client in this particular case. I'm going to assume that she relied on the truth and the veracity of the statement made to her by her client, so I'm going to grant the exception.
* * * * * *
Oh, I don't think it has anything to do with whether or not her client was guilty. It's just a question of whether or not she believed her client and I think it's hard to go beyond what somebody tells you to find the truth or veracity of the statement.
Plaintiffs appeal.

NO CAUSE OF ACTION
The purpose of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com'n, 94-2015 (La.11/30/94), 646 So.2d 885, 890 n. 3. Cause of action, as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1238 (La.1993).
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. P. Art. 931. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, so that the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels Subaru, Inc. v. Subaru South, Inc., supra, at 1235.
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La.C.C.P. art. 865. * * * When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence. * * * The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition and is triable on the face of the papers; for the purpose of determining the issues raised by this exception, the well pleaded facts in the petition and any annexed documents must be accepted as true. [Citations omitted.]
Kuebler v. Martin, 578 So.2d 113, 114 (La. 1991).
In her exception of no cause of action, Abadie asserted that Louisiana law does not permit plaintiffs "to collect damages from a third party attorney for their insurer's failure to pay and/or to pay their claim for loss"; that plaintiffs have no cause of action for intentional or negligent interference with the contract between themselves and their insurer; and that petitioners seek to recover damages from the wrong party, which would result in their obtaining double recovery and/or unjust enrichment.
These arguments are addressed to facts which may underlie the lawsuit, but which are not in the petition. Accordingly, we cannot address them in ruling on the propriety of the exception.
The trial judge based his ruling on his interpretation of the defendant's intentions. Since trial of the exception of no cause of action is solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. The court erred in sustaining the exception on that basis.
The elements of an action in defamation are defamatory words, publication, falsity, malice (actual or implied), and resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196, 198 (La.1980). Words which impute a crime to another are defamatory per se. Id.
Reading the petition by itself, we conclude the allegations are sufficient to state a cause of action for defamation. Plaintiffs assert that defendant uttered defamatory words ("made a libelous statement ... that [plaintiffs] had conspired to burn their home"), which was published ("stated to Allstate Insurance Company"), but was later determined to be false ("payment for damages was deferred") and resulted in injury *740 (the damages listed in Paragraph VII of the petition).
Because defendant's alleged statements implicated plaintiffs in the crime of arson, they are classed as defamatory per se and malice or reckless disregard of truth need not be alleged. See Fourcade v. City of Gretna, 598 So.2d 415, 419 (La.App. 5 Cir. 1992). All the other elements required to allege defamation are set forth.
The allegations are vague, but defendant's opportunity to except on the ground of vagueness was lost by her filing of her answer. Our duty is to construe the pleadings reasonably to do substantial justice. The gist of plaintiffs' claims is sufficiently alleged for that purpose. Accordingly, we find the trial court erred in maintaining the exception of no cause of action.

SUMMARY JUDGMENT
Although the trial court's ruling was error as to the exception, we also have examined whether it can be upheld as a granting of defendant's motion for summary judgment. We conclude the case was not ripe for summary judgment, however, and the judgment cannot be upheld on that basis.
Shortly after plaintiff's suit was instituted Abadie filed an answer denying all the allegations, except as to her status and domicile. She also asserted the suit is frivolous and requested imposition of sanctions including expenses and attorney's fees. (Abadie is acting as her own counsel.) She raised no affirmative defenses. Thereafter she filed her exception of no cause of action and motion for summary judgment.
In their memorandum in opposition to summary judgment, plaintiffs relate the facts underlying the suit: Their home burned on August 1, 1994 while they were out of town on vacation. Allstate delayed payment of the claim because arson was suspected. However, three juveniles had been arrested and charged with arson of the Albarados' home. On September 16, 1994 Allstate ruled out Albarado as a suspect and placed the claim in line for payment. The Albarados' completed proof-of-claim form was received by Allstate on December 20, 1994.
Defendant Abadie represented one of the juveniles charged with the arson. Several days prior to January 6, 1995 Abadie contacted Allstate, indicating she had information implicating Rickie Albarado in the arson of his home. As a result Allstate reopened the investigation. Although the Albarados eventually were cleared of complicity in the arson, their claim was not paid until April 1995.
Abadie asserted the following grounds for summary judgment:
1. She had no contractual relationship with plaintiffs' insurer, Allstate, that would allow any statement she made to interfere with the insurer's relationship to its insured.
2. Further, she was acting at all times as an attorney for a client engaged in negotiations with Allstate for a waiver of subrogation rights and a hold harmless agreement from Allstate in a potential claim against her client.
3. Finally, her actions did not delay payment of the claim because Allstate completed its investigation months before she began the negotiations on behalf of her client, during which she gave the insurer the information made the basis for this suit.
A motion for summary judgment must show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. P. Art. 966(C)(1). Article 966 recently was amended to clarify and describe expressly the apportionment of the burden of proof for summary judgment:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support *741 sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La.Code Civ. P. Art. 966(C)(2), enacted by Acts 1997, No. 483, § 1, effective July 1, 1997.
Section 4 of Act 483 of 1997 states that the purpose of the act is to clarify the 1996 amendment to the summary judgment law and to legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. In Hayes v. Autin the court set out an explanation for burden of proof on summary judgment motions that has been adopted by the legislature in Act 483. This amendment does not alter the burden of proof, but merely clarifies pre-existing law. It is a remedial or curative change, which has retroactive effect.
In support of her motion for summary judgment Abadie submitted her own affidavit, in which she stated that she has never had any contractual relationship with Allstate Insurance Company, that she has never been nor is now a corporate officer, employee or member of the board of directors of Allstate, that she is not insured by Allstate, and that she never communicated with Allstate in any capacity other than as an attorney representing the instructions of her client.
In addition, she offered the deposition of John D. Abrams, Allstate staff claim representative, who handled the Albarado fire claim. He testified he received the file for investigation on August 10, 1994. By September 16, 1994 he transferred the file back to the Gretna claims office to be completed and the claim paid. Payment was postponed, however, and the file was transferred back to him in January 1995 for further investigation because Geraldine Abadie contacted him. She indicated she had information that would be helpful in his investigation.
Abrams stated he met with Abadie on January 6, 1995. She informed him that Brian Gerringer, whom she was representing in a criminal matter (apparently the criminal investigation of the arson of the Albarado home), had information that the insured was involved in setting the fire. She told him she would be willing to let her client talk to Abrams if Allstate would enter into a holdharmless agreement with her client. She refused to give him any details regarding the allegation against the insured.
Abrams could find no other information to verify Abadie's statements. He discussed the matter with his supervisor, but they agreed that Allstate should not enter into a hold-harmless agreement and nothing further was done on a deal with Abadie. The closing papers on the Albarado claim were executed on June 11, 1995. Abrams stated that Allstate normally pays a claim within 30 days from receipt of satisfactory proof of loss on an uncontested claim. He testified the claim file would not have been reopened except for Abadie's allegations.
Based on the foregoing we conclude that Abadie, as the movant for summary judgment, failed to carry her burden of proof. Her pleadings ignore the defamation claim asserted by the plaintiffs, instead classifying it as a claim for intentional interference with contract. She implicitly asserts a privilege to the defamation claim.
Certain statements are protected by privilege. A person may enjoy a qualified or conditional privilege in making a statement, if it is made (1) in good faith; (2) on a subject in which the person communicating has an interest or owes a duty; and (3) to a person having a corresponding interest or duty. * * *
In order to establish the element of good faith, it must be shown that the person making the allegedly defamatory statements had reasonable grounds for believing that the statements were true and that he honestly believed the statements were correct.
Roy v. Coco, 94-920 (La.App. 3 Cir. 2/1/95), 649 So.2d 1139, 1140-1141, writ denied, 95-0567 (La.4/28/95), 653 So.2d 590.
La.Code Civ. P. Art. 1003 provides that the answer "shall set forth all affirmative defenses as required by Article 1005." Article 1005 not only lists certain affirmative defenses that must be specially pleaded, but *742 also states, "and any other matter constituting an affirmative defense." Webster v. Rushing, 316 So.2d 111, 114 (La.1975). An affirmative defense raises new matter which, assuming the allegations in the petition to be true, constitutes a defense to the action and will have the effect of defeating plaintiff's demand on its merits. Webster v. Rushing, supra.
Affirmative defenses are defenses which admit that the obligation exists or did exist, but allege that the obligation is extinguished, for such reasons as payment, remission, compensation, etc., or which allege the obligation is voidable, such as fraud or error. Haydel v. Morvant Const. Co., Inc., 626 So.2d 442, 444 (La.App. 4 Cir.1993).
"In a defamation action the defenses of truth and privilege fall in the category of affirmative defenses which must be pled in defendant's answer since proof of either defeats plaintiff's action." Trahan v. Ritterman, 368 So.2d 181, 184 (La.App. 1 Cir.1979). Accordingly, defendant was required to assert her claim of privilege in her answer. She has failed to do so and the existence of a privilege cannot be presumed.
Further, defendant has not shown that she "had reasonable grounds for believing that the statements were true" and that she "honestly believed the statements were correct." See Roy v. Coco, supra. "When alleged defamatory words are found to be defamatory per se, falsity and malice are presumed and defendant bears the burden of rebutting the presumption." Trahan v. Ritterman, supra.
"The accusation of criminal conduct presumes malice. The burden of proof then shifts to the defendant to rebut this presumption." Young Oil Co. of Louisiana, Inc. v. Durbin, 412 So.2d 620, 625 (La.App. 2 Cir.1982).
Abadie has failed to rebut the presumption of defamation per se and failed to establish she is removed from their effect by privilege. Thus, she has failed to show she is entitled to judgment as a matter of law.
For the foregoing reasons, the judgment of the district court is reversed and the case is remanded for further proceedings. Costs of the appeal are assessed against the defendant-appellee.

REVERSED AND REMANDED.