987 So.2d 349 (2008)
STATE of Louisiana
v.
Janerio J. WILLIS.
No. 2007-KA-1393.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 2008.
*350 Keva Landrum-Johnson, District Attorney, Graham L. Bosworth, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge JAMES F. McKAY, III, Judge EDWIN A. LOMBARD, Judge Pro Tempore MOON LANDRIEU).
EDWIN A. LOMBARD, Judge.
The defendant, Janeirio J. Willis, appeals his conviction for being a felon in possession of a firearm, a violation of La. Rev.Stat. 14:95.1, arguing that the trial court erroneously denied his right to present his defense of fabrication when it thwarted defense counsel's attempts to question the police officers regarding their knowledge of the penalties for La.Rev. Stat. 14:95.1 (possession of a firearm by a convicted felon) and La.Rev.Stat. 14:95 (illegal carrying of weapons) and by denying defense counsel's request for a jury instruction regarding those penalties. After review of the record in light of the defendant's arguments and applicable law, we affirm the defendant's conviction and sentence.

Relevant Facts and Procedural History
On December 1, 2006 at approximately 11:45 p.m., while driving a marked police vehicle on North Tonti Street, Officers Athena Monteleone and David Lopine of the New Orleans Police Department (NOPD) observed a green Toyota Camry with no visible license plate. Upon deciding *351 to conduct a traffic stop, the officers activated the overhead lights and spotlight of the police vehicle. Instead of stopping immediately, however, the driver of the Camry increased his speed for approximately one block before pulling over and stopping. Both officers exited their vehicle and Officer Lopine approached the driver's side while Officer Monteleone approached the passenger's side of the Camry. As the officers approached, they observed the defendant (who was sitting in the back seat of the Camry behind the driver) lean over and place a gun on the driver's seat. Officer Lopine also observed the defendant discard some marijuana on the floor of the Camry. Both the driver and the defendant were ordered out of the Camry.
The defendant was advised by Officer Monteleone that he was under arrest for possession of the gun and possession of marijuana, and he was read his rights.[1] The officer searched the defendant, finding a bullet in his pocket that did not come from the same manufacturer as the bullets found in the weapon but was the proper caliber for the weapon. After arresting the defendant, the officer ran his name through the N.C.I.C. computer and learned that he was a convicted felon. The defendant was then advised that he was being arrested on the additional charge and again read his rights. At the station, the defendant told Officer Monteleone that someone on the street had given him the gun for nothing.
On February 2, 2007, the defendant was charged with possession of a firearm by a felon. The defendant pleaded not guilty on February 7, 2007, and on February 23, 2007, the district court found probable cause and denied defense motions to suppress the evidence and statement.
Prior to trial, the parties stipulated (and the jury was informed) that the defendant had a prior felony conviction for possession with intent to distribute cocaine that occurred on April 26, 2005. Following the jury trial which took place on March 12, 2007, the defendant was found guilty as charged. On March 20, 2007, the district court sentenced him to serve twelve years at hard labor without benefits, to run concurrently with the sentence imposed in case number 468-442. A $1000.00 fine was also imposed. Defense counsel then filed a motion for new trial, motion to reconsider sentence, and motion for appeal. The motions for new trial and to reconsider sentence were denied and the motion for appeal was granted.

Errors Patent
The record reveals that a motion for new trial was filed by defense counsel on the day of sentencing; however, the transcript reflects that it was not filed until after the sentence was imposed. Under La.Code Crim. Pro. art. 853, a motion for new trial must be filed prior to sentencing unless the motion alleges new and material evidence. Because the motion filed here was not based on newly discovered evidence, it was untimely and properly denied by the district court.

Assignment of Error
By his sole assignment of error, the defendant argues that his right to present his defense of fabrication was denied by the district court when it thwarted defense counsel's attempts to question the police officers regarding their knowledge of the penalties for La.Rev.Stat. 14:95.1, possession of a firearm by a convicted felon, and La.Rev.Stat. 14:95, illegal carrying of weapons, and by denying the defendant's *352 request for a jury instruction regarding those penalties.
At trial, defense counsel sought to introduce the exact sentencing ranges for the two statutes in an attempt to show that the arresting officers knew that the defendant would receive a longer sentence than the driver of the vehicle.[2] After a hearing just prior to the trial, the district court denied defense counsel's request to be allowed to include the sentencing ranges in his argument, as well as the request for a jury instruction including the sentencing ranges.
In State v. Jackson, 450 So.2d 621, 633-34 (La.1984), the general rule regarding the inclusion of sentencing ranges in arguments and jury instructions was summarized by the Louisiana Supreme Court as follows:
When the penalty imposed by the statute is a mandatory one, the trial judge must inform the jury of the penalty on the request of the defendant and must permit the defense to argue the penalty to the jury. State v. Hooks, 421 So.2d 880 (La.1982); State v. Washington, 367 So.2d 4 (La.1978). In instances other than when a mandatory legislative penalty with no judicial discretion as to its imposition is required following verdict, the decision to permit or deny an instruction or argument on an offense's penalty is within the discretion of the trial judge.[3]
In this case, the sentence for possession of a firearm by a convicted felon under La.Rev.Stat. 14:95.1 is not mandatory.[4] Hence, it was within the district court's discretion to deny the argument and instruction. Moreover, insofar as the defense sought to question the officers regarding the specific penalty provisions under La.Rev.Stat. 14:95.1 and under La. Rev.Stat. 14:95 in an attempt to show that the officers fabricated the offense against the defendant, nothing in the record shows that the defendant's attempt was thwarted by the district court's denial of defense counsel's request.
As reflected in the testimony presented at trial, the police officers did not check for prior felonies or warrants until after the defendant was arrested for possession of the weapon. Nothing in the record establishes that the police officers knew that the defendant had a qualifying felony conviction prior to his arrest for possession of the weapon; Officer Monteleone specifically testified that at the time of the initial arrest, neither officer was aware of the defendant's prior conviction and both officers testified that they had no personal interest in the outcome of the case. In addition, defense counsel was permitted to elicit testimony from Officer Monteleone that possession of a firearm by a convicted felon is a felony and that possession of a firearm by an individual without a conviction is a misdemeanor. Moreover, the defendant admitted to possessing the weapon by telling Officer Monteleone that the gun was given to him by someone on the street. Accordingly, the specifics of the sentencing ranges were unnecessary to pursue the defense of fabrication, which the facts clearly show was not proven. Therefore, this claim is meritless.

Conclusion
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The defendant was charged for misdemeanor possession of marijuana in case number 468-429 that was tried by the judge at the same time of the jury trial here; he was found guilty as charged.
[2] The driver had no felony convictions.
[3] See also, State v. Ford, XXXX-XXXX (La.App. 4 Cir. 2/18/04), 867 So.2d 835.
[4] The sentence under La. Rev.Stat. 14:95 is not mandatory.