FREDERICKA HOMBERG WICKER, Judge.
[¡.In these consolidated cases, the original plaintiff/appellant and third-party plaintiff/third-party appellant appeal the trial court’s granting of peremptory exceptions of no cause of action. The appeal arises from a petition filed by plaintiff/appellant, Adrienne Wood, against defendants/appellees, Omni Bank (Omni) and Mr. Tom Tappan, Omni Bank’s employee. Adrienne Wood seeks to recover insurance proceeds which she alleges she lost as a result of Omni, through Mr. Tappan, breaching their alleged oral agreement to deposit the proceeds into specified accounts at Omni Bank. Omni and Mr. Tap-pan seek to recover the disputed insurance proceeds from Glen Wood and Woody’s Collision Specialists, LLC., if they are found liable to Adrienne Wood. For the reasons that follow, the judgments appealed from are reversed, and the case is remanded for further proceedings.
| sFacts and Procedural History
During the course of their marriage, plaintiff/appellant, Adrienne Wood, and third-party defendant/third-party appellee, Glen Wood, allegedly operated two businesses — Woody’s Collision Specialists, LLC (“Woody’s”), and Woody’s Mechanical Maintenance and Repair, LLC. On October 17, 2002, Glen Wood and Adrienne Wood executed a promissory note bearing number 2608 in Omni’s favor in the amount of $400,000. The loan was secured by a collateral mortgage which covered immovable property located at 17 27th Street in Kenner, Louisiana — the location of Woody’s. The collateral mortgage required the Woods to continuously maintain insurance on the property. The parties contend that the property was insured by United Fire Group (UFG) and that Omni was listed as the loss payee.
When the Woods executed the promissory note, they also executed a Limited Liability Company Authorization Resolution which authorized either Adrienne Wood or Glen Wood to individually exercise all power over Woody’s commercial checking account ending in number 8874. However, on December 13, 2005, unbeknownst to Adrienne Wood, Glen Wood executed a new authorization resolution which removed her from that account. Shortly after learning this, Adrienne Wood filed for divorce and informed Omni of the divorce proceedings.
Thereafter, Adrienne Wood, Glen Wood, and Mr. Tappan executed another authorization resolution on May 19, 2006, which required their three signatures collectively to transact business on newly opened account 6508. Adrienne Wood alleges that she had an oral agreement with Mr. Tap-pan that insurance proceeds from UFG would be deposited into that account or into escrow account 4132 on which Nancy Rowland was the only authorized signatory. UFG issued three ^insurance checks totaling $181,686.48,[1] which were deposited into account 6508 in accordance with the alleged oral agreement.
UFG issued another check on December 28, 2006 in the amount of $49,327.02 which was deposited in Woody’s commercial account number 3374 on January 8, 2007, in contravention of the alleged oral agreement. Then on March 19, 2007, UFG *478 issued another check in the amount of $35,927.28 which was likewise deposited in Woody’s commercial account number 3374 on March 26, 2007. Each check was stamped “WITHOUT RECOURSE.” Those funds were subsequently transferred by Glen Wood into his personal account number 8314.
Adrienne Wood wrote a letter to Mr. James Hudson, Omni’s president, and requested the banking records of both Glen Wood and Woody’s. He responded that she was not Omni’s customer on account 3374; and he was therefore prohibited from releasing any information to her regarding that account.
On July 9, 2008, Adrienne Wood filed a petition for damages in the 24th Judicial District Court against Omni and Mr. Tap-pan for breach of contract. In her petition, she alleged that the bank breached the written and oral agreements between the parties to deposit insurance proceeds in account 6508 or account 4132. Omni and Mr. Tappan answered the petition, raised various affirmative defenses, and made a third-party demand against Glen Wood and Woody’s.
The defendants in the principal action filed peremptory exceptions of no right of action, no cause of action, and prescription on November 13, 2008. The trial court found that Adrienne Wood had a claim in contract subject to a 10 year prescriptive period and overruled the exceptions. That judgment was rendered on February 11, 2009.
|fiThe third-party defendants also filed an exception of no cause of action with respect to the third-party demand filed against them. That matter was heard on September 8, 2009. The court sustained that exception and dismissed Glen Wood and Woody’s from the suit. That judgment was rendered on September 21, 2009.
During the September 8th hearing, however, the court discovered that the Woods had entered into a consent judgment whereby Adrienne Wood was paid the current enhanced value of the repaired property. The court was unaware of the consent judgment when it overruled Omni’s exception of no cause of action against Adrienne Wood. Upon learning this, the court stated its willingness to reconsider Omni’s exception of no cause of action against her. On January 22, 2010, Omni filed its second peremptory exception of no cause of action. That exception was sustained on April 28, 2010. Both Adrienne Wood and Omni/Mr. Tappan have appealed.
Assignments of Error
Adrienne Wood contends that the trial court erred in reconsidering Omni’s peremptory exception of no cause of action which was based on extraneous evidence, namely the consent judgment, when its first ruling should have been construed as the law of the case. She also contends that the trial court erred in finding that her petition failed to state a cause of action.
Omni, as third-party plaintiff, contends that the trial court erred in sustaining Glen Wood and Woody’s peremptory exception of no cause of action which effectively dismissed them from the litigation.
Discussion

Adrienne Wood’s First Assignment of Error

In her first assignment of error, Adrienne Wood contends that the trial court erred when it reconsidered Omni’s second peremptory exception of no cause of |fiaction when it had previously overruled the exception. She further argues that the court’s prior ruling should have been construed as the law of the case.
*479 The peremptory exception of no cause of action may be pleaded at any stage of the proceedings in the trial court prior to a submission of the case for a decision. La. C.C.P. art. 928(B).
“The overruling of a peremptory exception is merely an interlocutory order, and the court has the right, at any stage of the proceeding at which the objection was made, to set aside that decree and to sustain the exception, upon finding that it erred in overruling it.” Louisiana State Bar Ass’n v. Carr and Assocs., Inc., 08-2114, p. 6 (La.App. 1 Cir. 5/8/09), 15 So.3d 158, 164.
During the September 8th hearing on Glen Wood and Woody’s exception of no cause of action, both the trial court and Omni learned that pursuant to a consent judgment, Adrienne Wood was paid the current enhanced value of the repaired property and that Glen Wood assumed 100 percent of the mortgage. Upon learning this, the trial court stated its willingness to reconsider Omni’s exception of no cause of action in regards to Adrienne Wood. Thereafter, Omni filed its second exception. Adrienne Wood contends, however, it was error for the trial court to reconsider it. We disagree.
Because the overruling of a peremptory exception is an interlocutory order, “it is not binding upon the trial court when it timely — but later — determines error of judgment based upon the matter as submitted or upon subsequent disclosures in the record which require a contrary holding.” Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328, 332 (La.1972). Therefore, Omni was entitled to ask the trial court to reconsider its initial adverse preliminary ruling.
Adrienne Wood further argues that the trial court’s first ruling should be construed as the “law of the case.” She concedes that the “law of the case” |7doctrine is discretionary at the trial level but asserts that it should be applied here because Omni’s request involved a consideration of the same facts and law as the first exception. Nevertheless, “the law of the case rule cannot supplant the Code of Civil Procedure provision which clearly permits reconsideration of the overruling of peremptory exceptions.” Id. at 333. Accordingly, this assignment is without merit.

Adrienne Wood’s Second Assignment of Error

Next, Adrienne Wood argues that trial court erred in granting Omni’s exception of no cause of action. In reviewing a trial court’s ruling on a peremptory exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. Ramey v. DeCaire, 03-1299, p. 7-8 (La.3/19/04), 869 So.2d 114, 119.
 The purpose of the exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. Albarado v. Abadie, 97-478, p. 2 (La.App. 5 Cir. 11/12/97), 703 So.2d 736, 740. (citation omitted). Cause of action, as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant. Id. (citation omitted).
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931. Therefore, an exception of no cause of action is triable solely on the face of the petition. All well-pleaded allegations of fact are accepted as true, and if the allega *480 tions set forth a cause of action as to any part of the demand, the exception must be overruled. Lambert v. Riverboat Gaming Enforcement Div., 96-1856, p. 4 (La.App. 1 Cir.. 12/29/97), 706 So.2d 172,175.
IsTurning to the petition in this case, we conclude that the allegations sufficiently state a cause of action for breach of contract. The first allegation of a breach of the alleged agreement between Adrienne Wood and Omni/Mr. Tappan is set forth in paragraph 20 which provides:
On December 31, 2006, Tom Tappan authorized the issuance of a bank check in the amount of $20,297.21 to “Woody’s Collision Specialists and Adrienne G. Wood and Glen Wood,” thereby closing out bank account [XXXXXX]6508. Plaintiff later learned her name was forged as endorsee on this check. The issuing of this check by Omni Bank, without plaintiffs knowledge, or authorization, was a breach of the agreement between Omni Bank and plaintiff Adrienne Wood, that required 3 signatures for transactions in this account, (emphasis added).
Adrienne Wood, thereafter, makes seven other allegations of a breach of the alleged agreement in the petition, (paragraph 22: “breaching the agreement;” paragraph 27: “in violation of the agreement;” paragraph 30: “the bank violated its agreement;” paragraph 33; “without regard to the bank’s prior agreement;” paragraph 35: “breach of the agreements that existed;” and paragraph 38: “ignored its contractual and fiduciary relationship to the plaintiff.”).
Because the trial of the exception of no cause of action is solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. Albarado, supra. In this case, the trial court reconsidered Omni’s exception when it learned of the consent judgment, which it was permitted to do. However, the trial court erred when it considered the consent judgment in rendering its decision. As Adrienne Wood notes, extraneous evidence cannot be considered in support of an exception of no cause of action. Schell v. N.K. Enterprises, 96-0362 (La.App. 5 Cir. 1/15/97), 688 So.2d 68. Given that the consent judgment was the only new information provided at the second hearing, it is clear that the trial judge relied on that when it granted the exception, which it could not do. Moreover, the consent judgment was never introduced into evidence. And without being properly | fladmitted into evidence, neither the trial court nor the appellate court can consider those factual allegations. Id. at 72.
Accepting all of the allegations in Adrienne Wood’s petition as true and applying the legal principles previously set forth, we find that the petition alleges sufficient facts to state a cause of action for breach of contract against Omni and Mr. Tappan. Omni and Mr. Tappan’s Assignment of Error
In their sole assignment of error, Omni and Mr. Tappan contend that the trial court erred in dismissing their third-party demand against Woody’s and Glen Wood.
The defendant in a principal action by petition may bring in any person, including a codefendant, who is his war-rantor, or who is or may be hable to him for ah or part of the principal demand. La. C.C.P. art. 1111.
Turning to Omni and Mr. Tappan’s third-party petition, we find that the petition sets forth sufficient factual allegations for a claim of reimbursement against Woody’s and Glen Wood. Paragraphs 42 and 43 of the petition state that the bank deposited the insurance proceeds into Woody’s commercial account 3374 and that Woody’s, through its managing member *481 Glen Wood, transferred those funds to his personal checking account number 8814. If Omni and Mr. Tappan are found liable to Adrienne Wood, Woody’s and Glen Wood are in possession of the funds that she has interest in.
We therefore find that the trial court erred when it dismissed Omni and Mr. Tappan’s third-party demand against Woody’s and Glen Wood.
Conclusion
The judgment granting Omni and Mr. Tappan’s exception of no cause of action against Adrienne Wood is reversed. In addition, the judgment granting |inthird-party defendants’, Woody’s and Glen Wood, exception of no cause of action against third-party plaintiffs is also reversed. The case is remanded for further proceedings.

REVERSED AND REMANDED

. Those checks were issued to repair damage caused by Hurricane Katrina, and each of them were made payable to Woody’s Collision & Mechanical Collision Specialists LLC d/b/a Wood, Glen and Omni Bank.