FREDERICKA HOMBERG WICKER, Judge.
| ¡¿Plaintiff appeals the trial court’s sustaining of defendant’s exception of no cause of action. For the following reasons, we affirm that portion of the trial court judgment sustaining the exception of no *85 cause of action. However, we reverse that portion of the trial court judgment dismissing plaintiff’s claims without giving him the opportunity to amend his petition in accordance with La. C.C.P. art. 934 and remand the matter to the trial court to allow plaintiff the opportunity to do so.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Neal Clulee, filed a defamation action against defendant, V.J. St. Pierre, individually and in his official capacity as President of St. Charles Parish. The petition alleges that the St. Charles Parish Council nominated plaintiff as the St. Charles Parish representative for the New Orleans Aviation Board and that the resolution to nominate plaintiff was approved by Mr. St. Pierre in his capacity as St. Charles Parish President. The petition further states that Mr. St. Pierre vetoed ¡(¡subsequent resolutions re-nominating plaintiff to the Aviation Board and voiced opposition to plaintiffs appointment. The petition proceeds to allege that Mr. St. Pierre, “in the office of the Parish President[,]” maliciously conveyed to St. Charles Parish council members and others the false information that plaintiff had unlawfully hauled and dumped contaminated material onto the New Orleans Airport property. In the final paragraph of the petition, before the prayer for relief, plaintiff states that his reputation has been maliciously attacked by the most powerful person in parish government — the St. Charles Parish President, Mr. St. Pierre.
The petition also alleges that Mr. St. Pierre “at times, acted outside the course and scope of employment as Parish President.” The petition further references that Mr. St. Pierre, while at a crawfish boil, disseminated false and malicious statements about plaintiff to his long-time friend, Dorothy Dufrene.
In response to plaintiffs petition, Mr. St. Pierre filed an exception of no cause of action, asserting that plaintiffs petition fails to state a cause of action against him, individually or in his official capacity as St. Charles Parish President. After a hearing, the trial court denied the exception of no cause of action as to Mr. St. Pierre in his official capacity but sustained the exception as to Mr. St. Pierre individually. This timely appeal follows.[1]

DISCUSSION

On appeal, plaintiff contends that the trial judge erred in sustaining the exception of no cause of action as to his claims against Mr. St. Pierre individually and further erred in dismissing his claims against Mr. St. Pierre individually 1 ¿without the opportunity to amend his petition to properly state a cause of action. For the following reasons, we find the trial court properly sustained the exception of no cause of action as to Mr. St. Pierre in his individual capacity but find that the trial judge erred in failing to allow plaintiff the opportunity to amend his petition to properly state a cause of action, pursuant to La. C.C.P. art. 934.[2]
*86 An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Indus. Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1213. The exception of no cause of action is triable on the face of the petition and no evidence may be introduced to support or controvert the exception. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882 (La.5/15/01), 785 So.2d 803, 806. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action. Wood v. Omni Bancshares, Inc., 10-216 (La.App. 5 Cir. 4/26/11), 69 So.3d 475, 479-80. Because the trial of the exception is solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. Id.
An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency |sand affording the plaintiff the opportunity of presenting evidence at trial. Industrial Cos., 837 So.2d at 1213; Badeaux v. Sw. Computer Bureau, Inc., 05-0612 (La.3/17/06), 929 So.2d 1211, 1217. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. New Orleans Craft Temple, Inc. v. Grand Lodge of Free & Accepted Masons of the State of Louisiana, 13-525 (La.App. 5 Cir. 12/19/13), 131 So.2d 957. The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiffs behalf, the petition states a valid cause of action for relief. Id.
Defamation is a tort which involves the invasion of a person’s interest in his reputation and good name. Huxen v. Villasenor, 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, 212. To maintain an action for defamation, a plaintiff must prove (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. If even one of the required elements of the tort of defamation is lacking, the cause of action fails. Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129, 140; New Orleans Craft Temple, Inc., 131 So.3d at 965.
Further, a petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant. Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706, 713; see also La. C.C.P. art. 891. A plaintiff in a defamation suit must name the individual offenders and allege separate acts of defamation as to each, including specific defamatory statements. Id. citing Juneau v. Avoyelles Par. Police *87 Jury, 482 So.2d 1022, 1027 (La.App. 3d Cir.1986).
|fiAs to plaintiffs allegations against Mr. St. Pierre individually, the petition contains a blanket statement that Mr. St. Pierre, “at times, acted outside the course and scope of employment as Parish President.” The petition further sets forth a general allegation that Mr. St. Pierre made false and malicious statements to his long-time friend, Dorothy Dufrene, while attending a crawfish boil. We find that the blanket statement that Mr. St. Pierre made defamatory statements while acting in his individual capacity “at times” as well as the unspecified allegations surrounding Mr. St. Pierre’s defamatory statements made to a long-time friend at a crawfish boil are insufficient to properly state a cause of action in defamation. These allegations do not set forth with “reasonable specificity” the alleged defamatory statements made nor do they sufficiently set forth the underlying facts to support the cause of action against Mr. St. Pierre individually. See Fitzgerald, 737 So.2d at 713.
We find that plaintiff has failed to state a cause of action in defamation against Mr. St. Pierre in his individual capacity. The issue of whether Mr. St. Pierre acted in his official or individual capacity at the time he made the alleged defamatory statements cannot be addressed until plaintiff first sets forth allegations sufficient to state a cause of action against Mr. St. Pierre in both his official and individual capacities. See Bush v. Fidelity & Deposit Company of Maryland, 516 So.2d 1199 (La.App. 2 Cir.1987).
Accordingly, for the foregoing reasons, we find the trial court was correct in sustaining the exception of no cause of action as to Mr. St. Pierre individually. However, we find the trial court erred in failing to allow plaintiff the opportunity to amend his petition to set forth sufficient allegations to state a valid cause of action against Mr. St. Pierre individually.
|7La. C.C.P. art. 934 provides that “when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed ... the action, claim, demand, issue, or theory shall be dismissed.” (emphasis added). See also Hurricane Fence Co., Inc. v. Jensen Metal Products, Inc., 12-956 (La.App. 5 Cir. 5/23/13), 119 So.3d 683, 688. After a review of the petition in this matter, we find that the grounds of the objection raised in the exception of no cause of action could be removed by amendment of the petition to allege a valid cause of action against Mr. St. Pierre, individually. Therefore, we find the trial judge erred in failing to allow plaintiff the opportunity to amend his petition.
Accordingly, we affirm that portion of the trial court judgment sustaining the exception of no cause of action but reverse that portion of the judgment dismissing plaintiffs claims against Mr. St. Pierre individually. We remand this matter to the trial court with instructions that the trial court issue an order to the plaintiff to amend his petition to state a cause of action against Mr. St. Pierre individually within a reasonable time delay, pursuant to La. C.C.P. art. 934. See DiLeo v. Hansen, 09-974 (La.App. 5 Cir. 6/29/10), 45 So.3d 1120,1124.

AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

. Mr. St. Pierre questions the jurisdiction of this court, asserting that the judgment at issue is not a final, appealable judgment because the trial judge failed to designate the judgment as final pursuant to La. C.C.P. art. 1915(B). We find the judgment appealed is a final, appealable judgment under La. C.C.P. art. 1915(A) without the necessity for further designation by the trial court under La. C.C.P. art. 1915(B) because it dismisses a party from the litigation. Riehm v. State Farm Mut. Auto. Ins. Co., 07-651 (La.App. 5 Cir. 1/22/08), 977 So.2d 1045, 1046, writ denied, 08-0387 (La.4/18/08), 987 So.2d 350; see also La. C.C.P. 1911. We find that Mr. St. Pierre, in his individual capacity, is a party separate and apart from Mr. St. Pierre in his capacity as St. Charles Parish President.

. La. C.C.P. art. 934 provides: *86 When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.