PHI NGO AND XUAN TRINH

VERSUS

MARK SPEARS THROUGH THE OFFICE OF
ATTORNEY GENERAL JEFF LANDRY

NO. 22-C-183

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

June 29, 2022

Susan Buchholz
First Deputy Clerk

IN RE MARK SPEARS THROUGH OFFICE OF ATTORNEY GENERAL JEFF LANDRY

APPLYING FOR  SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SCOTT U. SCHLEGEL, DIVISION "D", NUMBER 822-927

Panel composed of Judges Jude G. Gravois,
Hans J. Liljeberg, and John J. Molaison, Jr.

**WRIT GRANTED; JUDGMENT REVERSED; EXCEPTION OF NO CAUSE OF ACTION SUSTAINED; CLAIMS DISMISSED WITH PREJUDICE; REQUEST FOR STAY DENIED**

Relator/defendant, Justice of the Peace Mark Spears, through the Office of

Attorney General Jeff Landry, seeks this Court's supervisory review of the trial

court's April 25, 2022 judgment which denied his peremptory exception of no

cause of action.  For the reasons that follow, we reverse the trial court's judgment

denying the peremptory exception of no cause of action, sustain the exception of

no cause of action, and dismiss all claims against Mr. Spears with prejudice.  We

further deny Mr. Spears's request for a stay of the trial court proceeding as moot.

On November 18, 2021, plaintiffs, Phi Ngo and Xuan Trinh, filed a petition

for damages and declaratory relief, naming as a defendant Mark Spears, in his

individual capacity and his official capacity as Justice of the Peace of the Second

Justice Court for the Parish of Jefferson.  Plaintiffs asserted the following

allegations in the petition: Ronnie and Erica Cancienne[1] filed a statement of claim with the Jefferson Parish Second Justice Court, against a number of individuals. Mr. Ngo was not named as a defendant and no citation was issued to him. Subsequently, the Canciennes filed a motion and order to set the matter for trial which Mr. Spears signed; Mr. Ngo was again not named as a defendant. Because Mr. Ngo did not answer the statement of claim and did not appear at the trial, Mr. Spears signed a judgment of default against Mr. Ngo, finding him liable for $5,000.00 plus interest. Mr. Ngo never received notice of the judgment. Thereafter, the Canciennes filed a rule to show cause to establish community obligation of spouse, against Ms. Trinh. Ms. Trinh did not receive notice of the pleading. After Mr. Ngo received notice, he met with Mr. Spears, and Mr. Spears encouraged Mr. Ngo to make an oral motion to nullify the default judgment at the rule to show cause hearing instead of filing a petition to nullify the default judgment. At the rule to show cause hearing, Mr. Ngo made an oral motion to nullify the default judgment, which Mr. Spears denied. Mr. Spears then signed a judgment establishing a community obligation and holding Ms. Trinh liable *in solido* for the amount of the default judgment. The Canciennes then instituted garnishment proceedings, which were approved by Mr. Spears. Plaintiffs were not notified of the garnishment proceedings.

Plaintiffs brought the following claims in the petition against Mr. Spears: 1) Mr. Spears was disqualified from his position as Justice of the Peace due to his deficient oaths of office filing and recordation, and therefore, as it relates to the present case, the default judgment, the judgment establishing community obligation, and the rulings pertaining to the garnishment proceedings should all be considered absolutely null; 2) due process violations under 42 U.S.C. §1983; 3)

---

[1] The Canciennes were also named as defendants in the present suit.

equal protection violations under 42 U.S.C. §1983; 4) due process violations under Article 1, § 2 of the Louisiana Constitution; 5) equal protection violations under Article 1, § 3 of the Louisiana Constitution; and 6) nullification of the default judgment, the judgment establishing the community property obligation, and the rulings pertaining to the garnishment proceedings based on lack of notice. Plaintiffs alleged that they are entitled to declaratory relief consisting of the three judgments in question being declared null and void and also to punitive and compensatory damages and attorney's fees.

In response, Mr. Spears filed a peremptory exception of no cause of action, arguing that Mr. Spears, as a justice of the peace, enjoys absolute judicial immunity. He argued that because the allegations of the petition all concerned judicial functions and are not without complete absence of all jurisdiction, plaintiffs' claims are barred by the doctrine of judicial immunity. Following a hearing on the exception,[2] the trial court signed a written judgment on April 25, 2022, denying the exception of no cause of action.

The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *State, Div. of Admin., Office of Facility Planning & Control v. Infinity Sur. Agency, L.L.C.*, 10-2264 (La. 5/10/11), 63 So.3d 940, 945. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. The court reviews the petition and accepts the well-pleaded allegations of fact as true. *Khoobehi Properties, LLC v. Baronne Dev. No. 2, L.L.C.*, 16-506 (La. App. 5 Cir. 3/29/17), 216 So.3d 287, 297, *writ denied*, 17-0893 (La. 9/29/17), 227 So.3d 288. In reviewing the judgment of the trial court relating to an exception of no cause of

---

[2] The writ application does not include a transcript of this hearing.

action, appellate courts should conduct a *de novo* review because the exception raises a question of law and the lower court's decision is necessarily based solely on the sufficiency of the petition. *Id*. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is entitled to the relief sought. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action. *Wood v. Omni Bancshares, Inc*., 10-216 c/w 10-567 (La. App. 5 Cir. 4/26/11), 69 So.3d 475, 479-80. Because the trial of the exception is solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. *Id*.

A long line of United States Supreme Court cases acknowledges that, generally, a judge is immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct. 286, 287, 116 L.Ed.2d 9 (1991) (citations omitted). Courts have consistently held that judicial immunity is an immunity from suit, not just the ultimate assessment of damages. *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288. A judge, in whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in the judicial role. *McCoy v. City of Monroe*, 32,521 (La. App. 2 Cir. 12/8/99), 747 So.2d 1234, 1241, *writ denied*, 788 So.2d 441 (La. 2001). Judges are absolutely immune from 42 U.S.C. § 1983 liability for all acts performed within their subject matter jurisdiction, even if the acts are malicious. *Id*. This immunity extends to justices of the peace as well as those that sit on the Supreme Court and shields judges unless they act either in "the clear absence of all jurisdiction over subject matter" or in a nonjudicial capacity. *Id*., citing *Moore v. Taylor*, 541 So.2d 378 (La. App. 2d Cir.1989).[3]

There are only two circumstances under which judicial immunity may be overcome. First, a judge is not immune from liability for non-judicial actions, *i.e.*,

---

[3] *See also Conques v. Hardy*, 337 So.2d 627 (La. App. 3d Cir. 1976), where the Third Circuit found that a justice of the peace was protected by judicial immunity.

actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12, 112 S.Ct. at 288. Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288. Whether an act by a judge is a "judicial" one relates to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12, 112 S.Ct. at 288.

The scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57; 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978).

Justices of the peace have concurrent jurisdiction with the trial court in cases where the amount in dispute does not exceed five thousand dollars. La. C.C.P. art. 4911; *see also* La. R.S. 13:2586. A justice of the peace who renders a judgment shall retain original jurisdiction over that judgment, the enforcement, and collection of garnishments, judgment debtor examinations, and the issuance of any writ to enforce its judgment. La. R.S. 13:2586(E)(1).

Upon *de novo* review, we find that plaintiffs' allegations in the petition against Mr. Spears arise out of the underlying case in the Second Justice Court action before Mr. Spears. Mr. Spears's signing and issuing of the judgments in the underlying case, including the rulings in the garnishment proceedings, were normal functions of a justice of the peace and within his judicial capacity. Also his actions were not performed in the clear absence of all jurisdiction. Thus, Mr. Spears is entitled to judicial immunity.

Further, though the petition seeks to declare the three judgments null and void, the proper avenue to seek review of adverse judgments is applicable appellate review/nullity actions, and not a declaratory action suit against the justice of the peace.

Plaintiffs also claim in their petition that Mr. Spears was disqualified from his position as justice of the peace for failure to file his oath of office pursuant to La. R.S. 42:141 and La. R.S. 42:162, and as such, the judgments in question should be declared absolutely null. A public officer's failure to qualify under La. R.S. 42:141 will not vitiate his acts if he fulfills the requirements of a *de facto* officer. *Cossich v. Plaquemines Par. Gov't*, 09-1522 (La. App. 4 Cir. 10/8/10), 50 So.3d 869, 877, *writ denied*, 11-0003 (La. 2/18/11), 57 So.3d 334 (citing *Thibodeaux v. Comeaux,* 243 La. 468, 145 So.2d 1 (La. 1962); *State v. Hargis*, 179 La. 623, 154 So. 628 (La. 1934)). For reasons of public policy, the acts of a *de facto* officer are valid as to third persons and the public until the officer's title to office is adjudged insufficient. In the meantime, the officer's authority may not be collaterally attacked or inquired into by third persons. *State v. Johnson*, 249 La. 950, 192 So.2d 135 (1966), *writ denied*, 388 U.S. 923, 87 S.Ct. 2144, 18 L.Ed.2d 1374 (1967). Thus, even accepting the allegations of plaintiffs' petition on this claim as true, plaintiffs' petition fails to state a cause of action on this claim as well.

## DECREE

For the foregoing reasons, we find that plaintiffs' petition failed to state a cause of action against Mr. Spears, and the trial court thus erred in denying Mr. Spears's exception of no cause of action. Accordingly, we reverse the trial court's judgment denying the peremptory exception of no cause of action, sustain the exception of no cause of action, and dismiss all claims against Mr. Spears with prejudice.

We further deny Mr. Spears's request for a stay of the trial court proceeding as moot.

Gretna, Louisiana, this 29th day of June, 2022.

**JGG**
**HJL**
**JJM**



SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **06/29/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-C-183

### E-NOTIFIED
24th Judicial District Court (Clerk)
Hon. Scott U. Schlegel (DISTRICT JUDGE)
Vladimir Thomas (Respondent)
Justin Lester (Relator)

### MAILED

Ronnie Cancienne  (Respondent)
Erica Cancienne  (Respondent)
In Proper Person
137 Cottonwood Drive
Gretna, LA 70056

Erin C. Day (Respondent)
Brett Robinson (Respondent)
Attorney at Law
Post Office Box 94005
Baton Rouge, LA 70804

Honorable Jeffrey M. Landry (Relator)
Attorney General
Louisiana Department of Justice
Post Office Box 94005
Baton Rouge, LA 70804

Erin C. Day (Relator)
Brett Robinson (Relator)
Attorney at Law
Post Office Box 94005
Baton Rouge, LA 70804

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Erin C. Day
Assistant Attorneys General
Post Office Box 94005
Baton Rouge, LA 70804
22-C-183                    06-29-22

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9401 0083 5168 4398 31

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6786

PS Form 3811, April 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Lauren Mire
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

Lauren Mire          7/1/22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

6/29/22

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Erica Cancienne
Ronnie Cancienne
137 Cottonwood Drive
Gretna, LA 70056
22-C-183                    06-29-22

9590 9401 0083 5168 4398 48

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6779

PS Form **3811**, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt