No. 4607.

Court of Appeal, Parish of Orleans.

# IN RE JOHN BUTTS VS. SOCIETY OF THE YOUNG MEN VIDALIA.

1. The laws of an association constitute a contract between it and its members.
2. In a case of a motion of a member, where the forfeiture of property rights resulting from membership is involved, courts will resolve ambiguities in the laws in favor of the members, and will insist upon strict observance of the rules under which action was taken against him.

Appeal from Civil District Court, Division "E."

J. J. Prowell, for Plaintiff and Appellant.

Jas. T. Nix, for Defendant and Appellee.

DUFOUR, J. To the relator's demand for re-instatement as a member of the defendant association, the latter answers that he has been legally dropped from the membership roll for non-payment of dues and fines in accordance with the constitution and by-laws of the association.

Our conclusions of fact are that a notice was served on plaintiff that he was in arrears in the sum of one dollar and eighty-five cents ($1.85), and calling on him to attend a meeting on July 15th, 1908, and settle the same, in order to avoid a cancellation of his name from the books.

He failed to appear and the president, after calling his name and receiving no answer to the question as to whether any one should vouch for him, rapped his gavel and declared him dropped from the rolls.

Subsequently, through an error on the part of the officers, a second and similar notice was served on relator to appear at a meeting on August 6th to pay the sum of $3.65 for dues, fines and assessments.

He responded and tendered the amount with the request that his name be re-inscribed as a member. This was denied him on the ground that he had been dropped and could be again received, under Section 2 of Article 10 of the constitution only upon showing the physician's certificate that he was sound in body, and that the certificate produced declared him to

be suffering from "a weak heart due to asthma."

In order to reach a conclusion, it is necessary to examine contextually the various provisions of the laws of the association bearing on the case.

In so doing, it must be borne in mind that these laws are a contract between the association and its members.

But it must equally be remembered that where, as in this case, the forfeiture of property rights is involved, courts will construe any ambiguity in favor of the members and insist upon strict observance of the rules under which action was taken against him.

The clauses upon which the decision must rest are as follows:

"Section 1, Article X, page 11, says:

"Any member, active or exempt, who should neglect to settle his indebtedness to the association as per notice (if correct) shall be dropped from the rolls."

Article XVI, page 59, Section 10, says:

"No member can be dropped from the rolls for any amount less than fifty (50) cents, and the financial secretary shall not notify members who owe less than fifty (50) cents, and no member can owe any more than two months' dues at any time. The monthly dues of members become due at the second meeting of every month, and shall be paid accordingly after due notice of the same."

Section 1, Article VI, of Constitution (Meetings and Quorums) says:

"The regular meeting shall be on the first and third Wednesdays of each month."

Section 2, Article XVIII, of By-Laws, (Assessments, etc.), says:

"The fines must be paid in thirty (30) days after the imposing of same."

The statement that no member can owe more than two months' dues at any time carries with it the corrollary that he may owe two months' dues without being dropped.

Relator owed only the June dues and did not become delinquent for the July dues until *after* the meeting of July 15th, under Section 8, Art. VI, *supra*.

Hence the action dropping him *at* that meeting was premature.

There is no proof in the record that the fines had been imposed thirty days before the notice of July 12th or the meeting of July 15th. The burden was on defendant in whose possession the evidence lay.

The indebtedness claimed for dues and fines not being exigible, the notice was not correct, and relator's failure to pay on July 15th did not, according to the rules of the order *ipso facto,* drop him from the roll.

Our conclusion that the relator, a member in good standing for more than fifteen years, is entitled to reinstatement and may not be ousted on doubtful technical grounds happily coincides with the preamble of defendant's constitution that the "fundamental basis of the association is Benevolence."

The judgment appealed from is reversed and it is now ordered, adjudged and decreed that the defendant be and is hereby commanded to reinstate relator as a member of the association in good standing upon relator's payment of his indebtedness, up to July 15th, 1908, defendant to pay cost of both Courts.