SUSAN M. CHEHARDY, Judge.
|2This appeal arises in a defamation suit.[1] The plaintiff appeals a judgment that granted the defendants’ exceptions of no cause of action and prescription, granted a special motion to strike the petition, and awarded attorney’s fees to the defendants on the special motion to strike. We amend and affirm.
FACTS
Moses Junior Williams was the President and Chief Executive Officer of the Northeast Louisiana Community Development Corporation (hereafter “CDC”) from the CDC’s creation in 1995 until his resignation in 2008. CDC is a nonprofit corporation that served as the lead entity for the federal Empowerment Zone and Enterprise Community process in north Louisiana, particularly in Madison Parish.
On November 18, 2009, Williams filed suit against Nexstar Broadcasting, Inc. d/b/a KTVE Channel 10 and myarklam-iss.com, Chad Sliger a/li/a Griffin Scott (hereafter “Scott”), Jack Boggan (hereafter “Boggan”), and Tallulah Publishing, Inc. d/b/a The Madison Journal (“Tallu- *1198 lah”). Williams alleged that Scott was an agent and/or employee of Nexstar acting within the course and scope of his agency and/or employment, thereby rendering Nexstar liable for his acts and omissions. USimilarly, Williams alleged that Boggan was an agent and/or employee of Tallulah, acting within the course and scope of his agency and/or employment and rendering Tallulah liable for his acts and omissions.
Williams alleged that commencing on November 13, 2008 and continuing through November 25, 2008, Griffin Scott and other Nexstar agents and employees broadcast on KTVE Channel 10 a series of stories titled “Missing Millions in Madison Parish,” in which Scott and Nexstar made “false and defamatory statements, comments and innuendo to attack and harm the reputation and character of Plaintiff, Moses Junior Williams.” According to the petition, Jack Boggan appeared in these reports and he also made and published defamatory statements, comments and innuendo regarding Williams.
Williams stated that throughout the series, the defendants stated and implied that the CDC and Williams had received almost one hundred million dollars in taxpayer money, but that Williams had acted illegally, unprofessionally or incompetently as chief executive officer of CDC.
Williams alleged that from the date of their initial broadcast until the present date, Nexstar has continued to publish the series on its website, myarklamiss.com, and that Boggan and Tallulah continuously ran articles in the Madison Journal that similarly attacked Williams’ reputation and character. Williams alleged the defendants’ statements were made with actual malice, with knowledge of their falsity, or with reckless disregard for the truth.
The defendants all filed exceptions of no cause of action and prescription, as well as a special motion to strike pursuant to La. C.C.P. art. 971, seeking to have the entire petition stricken.[2]
|/The trial court granted the exceptions and the special motion to strike.
With respect to the exception of no cause of action, the court found, “The petition fails to state a cause of action because it fails to allege with reasonable specificity the allegedly defamatory statements.... Plaintiffs allegations are the types of con-clusory assertions, unsupported by specific defamatory statements, that do not state a cause of action under Louisiana law.” In addition the court noted that the petition fails to allege facts which support that the alleged defamation stemmed from allegations that were false and that they were published with malice.
The court stated,
The articles of Tallulah Publishing and the newscasts of Nexstar are based on actions of the CDC or an audit conducted by the Office of the Inspector General, United States Department of Agriculture. The publications are a matter of public concern, are editorial in nature, and are constitutionally protected statements of opinion.
With respect to the exception of prescription, the court held that because the petition was not filed until November 18, 2009, any alleged defamatory statements published or broadcast by the defendants prior to November 18, 2008, are prescribed.
With respect to the Special Motion to Strike, the court granted the motion and made the following findings:
*1199 The subject articles of Tallulah Publishing and the broadcasts of Nexstar are clearly relating to free speech and a matter of public concern, as they directly relate to the USDA audit of the CDC. The CDC and its activities are a matter of public concern, and Moses Junior Williams, as its President and CEO, is a limited purpose public figure relative to matters pertaining to the CDC. The burden then shifts to the Plaintiff to establish a probability of success on the claim.... Plaintiff has a slim probability of success on his, claim. In essence, Defendants’ articles and publications are constitutionally protected free speech.
| ^Because Article 971 provides that the prevailing party shall be awarded reasonable attorney’s fees and costs, the court awarded attorneys’ fees of $3,000.00 to counsel for each group of defendants.
The plaintiff appeals, raising five assignments of error.
ASSIGNMENTS NOS. 1 AND 2: NO CAUSE OF ACTION
In the first and second assignments, the plaintiff asserts the district court erred in sustaining defendants’ exceptions of no cause of action, and in failing to allow amendment of the petition after sustaining the exceptions of no cause of action.
The plaintiff argues his petition contains everything necessary to state a case cause of action in defamation: defamatory words, publication, actual malice or reckless disregard for the truth, falsity, and injury. Alternatively, he argues the court should have allowed him to amend his petition to state a cause of action.
[A]n exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The exception is triable on the face of the petition and, to determine the issues raised by the exception, each well-pleaded fact in the petition must be accepted as true. In reviewing a district court’s ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court’s decision is based only on the sufficiency of the petition. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.... If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. [Citations omitted.]
| Badeaux v. Sw. Computer Bureau, Inc., 2005-0612, p. 7 (La.3/17/06), 929 So.2d 1211, 1217.
Defamation is a tort involving an invasion of a person’s interest in his reputation and good name. Costello v. Hardy, 03-1146, p. 12 (La.1/21/04), 864 So.2d 129, 139. Generally, to prevail in a defamation action, plaintiff must prove: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Costello, 03-1146 at p. 12, 864 So.2d at 139. In other words, “plaintiff must prove that the defendant, with actual malice or other fault, published a false statement with defamatory words which caused plaintiff damages.” Sassone v. Elder, 626 So.2d 345, 350 (La.1993). If any one of the required elements is not *1200 sufficiently proven, the cause of action fails. Costello, 03-1146 at p. 12, 864 So.2d at 140.
A petition must contain “a short, clear, and concise statement of ... the material facts of, the transaction or occurrence that is the subject matter of the litigation.... ” La. C.C.P. art. 891(A). To plead “material facts,” the petitioner must allege more than mixed questions of law and fact, such as that the defendant breached the contract or acted unreasonably. Frank L. Maraist & Harry T. Lemmon, 1 Louisiana Civil Law Treatise: Civil Procedure § 6.3, at 102 (1999). Rather, “[t]he Code requires the pleader to state what act or omission he or she will establish at trial.” Id.
“Thus, to plead material facts, a petitioner alleging a cause of action for defamation must set forth in the petition with reasonable specificity the defamatory statements allegedly published by the defendant. ... It is not necessary for a plaintiff to state verbatim the words on which he bases his cause of action, but he [ 7must allege a state of facts or condition of things which would show fault under article 2315.” Badeaux, 2005-0612 at p. 10, 929 So.2d at 1218.
The district court correctly found that the plaintiff did not set forth specific defamatory statements to support his cause of action. Rather, the petition merely alleges that the defendants “made and published false and defamatory statements, comments and innuendo to attack and harm the reputation and character of the Plaintiff,” and that the news reports “state and imply ... that Plaintiff, Moses Junior Williams, had acted illegally, unprofessionally or incompetently with respect to his role as the Chief Executive Officer of the CDC.” These are conclusory allegations; without support by specific defamatory statements, they cannot state a cause of action.
The district court also correctly found that the petition failed to allege facts to support the element of actual malice. The petition alleged that the statements made “were false and made with actual malice ... [and] with knowledge of their falsity or reckless disregard for the truth.” That allegation merely states conclusions, not facts.
Further, where “public affairs are concerned, there can be no libel by innuendo.” Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706, 717, citing Schaefer v. Lynch, 406 So.2d 185, 188 (La.1981). Thus, in Schaefer, a newspaper story that “conveyed the impression that” the plaintiff had misused state funds for his personal benefit was not actionable.
Having determined that at least one of the elements required to state a cause of action in defamation was missing from the petition here, it is unnecessary for us to address the other elements. The trial court was correct in finding that the petition failed to state a cause of action.
lsThe next issue is whether the plaintiff should have been allowed to amend. Pursuant to La. C.C.P. art. 932(A), the plaintiff should have been allowed to amend. In this case, however, the district court determined amendment would be futile. In order to rule- on the Special Motion to Strike, the court had reviewed all the statements made in the news reports. The court found, correctly, that the articles of Tallulah and the broadcasts of Nexstar are clearly related to free speech and a matter of public concern, because they directly relate to the USDA audit of the CDC, which is a matter of public concern. Hence, the court concluded that defendants’ articles and publications are constitutionally protected free speech.
*1201 Because the district court reviewed all of the statements in the news reports and found they were not defamatory, or were constitutionally protected, allowing the plaintiff to amend his petition would be useless. Accordingly, the district court did not err in dismissing the petition with prejudice.
ASSIGNMENT NO. 3: PRESCRIPTION
In the third assignment, the plaintiff asserts the district court erred in sustaining the defendants’ exception of prescription.
Delictual actions, including defamation, are subject to liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. The plaintiff acknowledges that his defamation claim is subject to a one-year prescriptive period and that the petition was filed more than one year after November 12, 2008 broadcast and web post. Hence, a claim for any statement in that broadcast is prescribed.
We do find error in the general sustaining of the exception of prescription as set forth in the judgment. The district court decreed that there be judgment granting the exceptions of no cause of action and prescription. In the Reasons for 19Judgment, however, the district court found only that “any alleged defamatory statements published or broadcast by the defendants prior to November 18, 2008, are prescribed.” Thus, the language in the judgment should have limited the granting of the exception of prescribed to “statements published or broadcast by the defendants prior to November 18, 2008.” We amend the judgment accordingly.
ASSIGNMENT NO. 4: MOTION TO STRIKE
In the fourth assignment, the plaintiff asserts the district court erred in granting defendants’ Special Motion to Strike. He argues that he has shown a “probability of success” for his defamation claims, and that the defendants’ statements were held out to the public as the truth, not merely opinions.
La. C.C.P. art. 971 provides as follows, in pertinent part:
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
(3) If the court determines that the plaintiff has established a probability of success on the claim, that determination shall be admissible in evidence at any later stage of the proceeding.
B. In any action subject to Paragraph A of this Article, a prevailing party on a special motion to strike shall be awarded reasonable attorney fees and costs....
The special motion to strike is designed to screen claims that lack merit and that would chill public participation in matters of public interest. “The intent of this statute is to encourage continued participation in matters of public significance 1 inand to prevent this participation from being chilled through an abuse of judicial process.” Lee v. Pennington, 2002-0381, p. 4 (La.App. 4 Cir. 10/16/02), 830 So.2d *1202 1037, 1041, writ denied, 2002-2790 (La.1/24/03), 886 So.2d 52.
The trial court found that the defendants* articles and broadcasts clearly related to free speech, that the CDC and its activities are a matter of public concern, and that the plaintiff as president and CEO of the CDC was a limited-purpose public figure. The court found further that the defendants’ articles and broadcasts are constitutionally-protected free speech. Hence, the court concluded that the plaintiff has a slim probability of success on his claim, such that the special motion to strike should be granted.
We find no error in the trial court’s determination. The court properly granted the special motion to strike.
ASSIGNMENT NO. 5: ATTORNEY’S FEES
In the fifth assignment, the plaintiff asserts the district court erred in awarding attorney’s fees to the defendants. When a special motion to strike is granted, the court is mandated by -La. C.C.P. art. 971 to award attorney’s fees. Delta Chem. Corp. v. Lynch, 2007-0431, p. 13 (La.App. 4 Cir. 2/27/08), 979 So.2d 579, 588, writ denied, 2008-0683 (La.5/30/08), 983 So.2d 898 and 2008-0761 (La.5/30/08), 983 So.2d 904. The court is “allowed, and even required, to determine if the amount awarded is reasonable.”
A. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant.... The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. Additionally, however, an ap-pellee may by answer to the appeal, demand modification, revision, or reversal of the judgment insofar as it did not allow or consider relief prayed for by an incidental action filed in the trial court....
B. A party who does not seek modification, revision, or reversal of a judgment in an appellate court, including the supreme court, may assert, in support of the judgment, any argument supported by the record, although he has not appealed, answered the appeal, or applied for supervisory writs.
The district court awarded $3,000.00 to defense counsel for bringing the Special Motion to Strike. On appeal defendants have requested that we award them attorney’s fees for this appeal.
Attorney’s fees on appeal usually can be awarded only if the party seeking them is entitled to them by law, and has either appealed or answered the appeal. \nSee La. C.C.P. art. 2133.[3] In this case, because the defendants are entitled to and were awarded attorney’s fees for their counsels’ work in the district court as related to the Special Motion to Strike, pursuant to La. C.C.P. art. 971, we shall award an increase in the attorney’s fees for this appeal. See also, Gandy v. United Services Auto. Ass’n, 97-1095 (La.App. 5 Cir. 10/14/98), 721 So.2d 34, writ denied, 98-2836 (La.1/15/99), 736 So.2d 208.
Because the attorney’s fees relate only to the portion of the case arising out of the claims under Article 971, we limit the fee for this appeal to $500.00 to each set of counsel for the defendants.
DECREE
For the foregoing reasons, the judgment is amended to provide that the exception of prescription is granted as to statements published or broadcast by the defendants prior to November 18, 2008. The judgment is further amended to award additional attorney’s fees in the amount of *1203 $500.00 for this appeal to Mary Ellen Roy, Dan Zimmerman, and Phelps Dunbar LLP, counsel for Nexstar Broadcasting, Inc. d/b/a KTVE Channel 10 and myark-lamiss.com and Griffin Scott; and attorney’s fees in the amount of $500.00 for this appeal to Arthur L. Stewart, counsel for Tallulah Publishing, Inc. d/b/a The Madison Journal and Jack Boggan.
112As amended, the judgment is affirmed. Costs of this appeal are assessed against the appellant, Moses Junior Williams.

AMENDED AND AFFIRMED

. The case was filed and tried in Madison Parish, which is within the jurisdiction of the Court of Appeal, Second Circuit, State of Louisiana. One of the parties is related to a judge on the Second Circuit, however, so all of the Second Circuit judges recused themselves. Accordingly, the Supreme Court of Louisiana transferred the case to this Court on August 31, 2011.

. Article 971 provides a mechanism for dismissal of a claim that stems from any act in furtherance of the defendant's right of petition or free speech under either the state or federal constitution in connection with a public issue.

. La.Code Civ. Proc. Ann. art. 2133 provides as follows in pertinent part: