FREDERICKA HOMBERG WICKER, Judge.
12Plaintiffs, current and former members of masonic-affiliated organizations, filed suit against defendants, the Grand Lodge of Free and Accepted Masons (“Grand Lodge”) and individual officers or members of the Grand Lodge, arising out of the implemented disciplinary procedure, resulting in plaintiffs’ expulsion, suspension, or reprimand from the defendant-organization, Grand Lodge. Plaintiffs appeal the trial court’s judgment sustaining defendants’ exceptions of no cause of action, dismissing plaintiffs’ suit. For the following reasons, we reverse the trial court’s judgment sustaining defendants’ exceptions as to plaintiffs’ breach of contract claim and claims for wrongful expulsion, suspension, and reprimand, and remand the matter for further proceedings. We further find that the trial court correctly sustained defendants’ exceptions as to plaintiffs’ defamation claims and, in all other respects, we affirm the trial court judgment.
I,FACTUAL AND PROCEDURAL HISTORY
Plaintiffs-appellants, Eric Hahn, John Buttone, III, Joseph Gilardi, Jr., and Joseph Gilardi, III, filed a petition for damages against the Grand Lodge of Free and Accepted Masons of the State of Louisiana and other individual officers or members of the Grand Lodge.[1] Plaintiffs’ claims *961 against defendants arise out of their membership in masonic-related organizations and their subsequent expulsion, suspension, or reprimand from the Grand Lodge.[2] Plaintiffs allege that defendants lacked authority or jurisdiction to expel, suspend, or reprimand plaintiffs; failed to provide plaintiffs adequate notice of the pending charges against them; defamed plaintiffs by accusing them of violating Mason law and publishing the news of plaintiffs’ expulsion, suspension, and reprimand in the Grand Lodge’s annual report; acted arbitrarily and capriciously by failing to file formal charges against them or hold a trial, as required by long-standing Masonic law; and failed to follow the long-standing Masonic rules or law, thereby breaching the alleged contract between the parties.
Defendants filed exceptions of no cause of action. As to plaintiffs’ defamation claims, defendants asserted that plaintiffs failed to properly state any defamation claim because the alleged defamatory statements — that plaintiffs had been expelled, suspended, or reprimanded — were true and, thus, plaintiffs could not prove the falsity of the statements to support their claims. As to plaintiffs’ other claims, defendants asserted that they followed the Grand Lodge’s internal | ¿procedures and provided adequate notice to plaintiffs of the pending disciplinary circumstances. Defendants argued that Louisiana courts generally do not interfere with the internal procedures and discipline of a private organization and that plaintiffs’ allegations do not warrant the court’s interference in this case.
Plaintiffs opposed the exception, arguing that they have in fact stated a cause of action for wrongful expulsion, suspension, or reprimand and that defendants’ arbitrary and capricious conduct warrants the court’s interference in this case. Plaintiffs also asserted that the petition pleads a defamation action against both the Grand Lodge and the individual defendants. As to the Grand Lodge, plaintiffs alleged that the Grand Lodge defamed plaintiffs when it published in its annual report the news that plaintiffs had been expelled, suspended, or reprimanded by the organization. As to the individual defendants, plaintiffs alleged the defendants made defamatory statements, accusing plaintiffs of “unmason conduct,” during local lodge meetings or hearings.
On November 30, 2012, the trial court conducted a hearing on defendants’ exceptions. The trial judge sustained defendants’ exceptions, finding that the court should not interfere with the internal procedures of the private organization defendant, Grand Lodge. Regarding plaintiffs’ defamation claims, the trial judge found that plaintiffs failed to allege two vital elements of their defamation claims — a false statement and damages. On January 8, 2018, the trial judge issued a written judgment sustaining defendants’ exceptions of no cause of action, dismissing plaintiffs’ claims.[3]
*962 Plaintiffs appeal that judgment, asserting that the trial judge failed to accept the well-pleaded allegations of plaintiffs’ petition as true; failed to address or rule | r,on plaintiffs’ breach of contract claim; and erred in sustaining defendants’ exceptions of no cause of action as to plaintiffs’ claims for defamation, breach of contract claim, and wrongful expulsion, suspension, and reprimand. For the following reasons, we find plaintiffs validly stated a cause of action for their breach of contract and wrongful expulsion, suspension, or reprimand claims and we therefore reverse the trial court’s judgment sustaining defendants’ exceptions of no cause of action as to those claims. We further find that plaintiffs failed to validly state a claim for defamation against defendants and we therefore affirm the trial court judgment regarding that claim.

DISCUSSION

An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Indus. Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1213. The exception of no cause of action is triable on the face of the petition. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882 (La.5/15/01), 785 So.2d 803, 806. Cause of action, as used in the context of the peremptory exception, means the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant. Wood v. Omni Bancshares, Inc., 10-216 (La.App. 5 Cir. 4/26/11), 69 So.3d 475, 479-80.
The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action. Wood, 69 So.3d at 480. Because the trial of the exception is 16solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. Id.
An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Indus. Companies, Inc., 837 So.2d at 1213. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. In re Succession of Russo, 12-32 (La.App. 5 Cir. 5/22/12), 96 So.3d 1231, 1234.
The mover has the burden of demonstrating the petition states no cause of action. The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiffs behalf, the petition states a valid cause of action for relief. Pinegrove Elec. Supply Co., Inc. v. Cat Key Const., Inc., 11-660 (La.App. 5 Cir. 2/28/12), 88 So.3d 1097, 1100.
In this appeal, plaintiffs assert that the trial court erred in failing to accept the allegations pled in their petition as true and in failing to find plaintiffs adequately *963 stated a cause of action for defamation, breach of contract, and 'wrongful expulsion, suspension, or reprimand. Defendants respond that the trial court correctly found that courts will generally not interfere with the management or affairs of private organizations such as defendant-organization, Grand Lodge, and assert the trial court’s judgment should be affirmed.
Generally, courts should not interfere with the internal affairs of a private association. Jones v. Nat’l Collegiate Athletic Ass’n, 96-2205 (La.9/12/96), 679 So.2d 381, 382. However, the Louisiana Supreme Court has stated that a court’s interference may be warranted “in cases when the affairs and proceedings have not 17been conducted fairly and honestly, or in the cases of fraud, lack of jurisdiction, the invasion of property or pecuniary rights, or when the action complained of is capricious, arbitrary, or unjustly discriminatory.” Id.; See also Heuer v. Crescent River Port Pilots’ Assn., 158 So.2d 221 (La.App. 4th Cir.1963), writ refused sub nom. Heuer v. Crescent River Port Pilots’ Assn., 245 La. 580, 159 So.2d 288 (1964), cert. denied, 377 U.S. 935, 84 S.Ct. 1333, 12 L.Ed.2d 298 (1964); Sanders v. Louisiana High Sch. Athletic Ass’n, 242 So.2d 19, 25 (La.App. 3rd Cir.1970); Heath v. McCarthy, 41,853 (La.App. 2 Cir. 1/24/07), 948 So.2d 363, writ denied, 07-0358 (La.3/30/07), 953 So.2d 69; Flint v. St. Augustine High School, 323 So.2d 229 (La.App. 4th Cir.1975), writ denied, 325 So.2d 271 (La.1976). Thus, under certain circumstances, a cause of action may be sufficiently pled for damages arising out of wrongful expulsion, suspension, or reprimand from a private organization.[4]
In their original and supplemental petitions, plaintiffs alleged that defendants lacked the authority or jurisdiction to issue the disciplinary actions against them[5]; that defendants failed to provide adequate notice of the charges against them[6]; and acted arbitrarily and capriciously in failing to hold a trial as required by long-standing Masonic rules or laws. Upon review of plaintiffs’ petitions, we find that | ^plaintiffs have sufficiently stated a cause of action against defendants for damages arising out *964 of their alleged wrongful expulsion, suspension, and reprimand.
Regarding their breach of contract claim, plaintiffs assert that the trial court erred in failing to consider their breach of contract claim. First, we find that the trial judge sustained defendants’ exceptions of no cause of action and dismissed plaintiffs’ suit in entirety. Therefore, the trial judge sustained defendants’ exceptions of no cause of action as to all claims pled in the plaintiffs’ original and supplemental petitions, including plaintiffs’ asserted breach of contract claim.
To support their breach of contract claim, Plaintiffs alleged in their petitions that mason organizations, with a history extending back more than 500 years, have a highly developed and long-standing code of rules governing the organization. Plaintiffs contend that the “Handbook of Masonic Law for the Grand Lodge of the State of Louisiana” is a contract governing the Grand Lodge organization and its members. Defendants reject this assertion and argue that plaintiffs have failed to prove a contract existed between the parties.
In order to succeed on a breach of contract claim, the plaintiffs must prove the existence of a contract, a breach of the obligations therein, and damages. Favrot v. Favrot, 10-0986 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, 1109, writ denied, 11-0636 (La.5/6/11), 62 So.3d 127. Louisiana courts have found that the laws of an association constitute a contract between the parties. Ermert v. Hartford Ins. Co., 559 So.2d 467, 473 (La.1990); In re John Butts v. Society of the Young Men Vidalia, 6 Teiss. 127 (La.App.Orleans 1909), 1909 WL 1579. “Under both civilian and common law theory, an unincorporated association is created in the same manner as a partnership, by a contract between two or more persons to combine their efforts, resources, knowledge or activities for a purpose other than profit or commercial benefit.” Id.; See also United Brotherhood of Carpenters Local 1846 v. Stephens Broadcasting Co., 214 La. 928, 938, 39 So.2d 422, 425 (La.1949) (the charter, constitution and by-laws of an association “constitute and are the contract between the members and the association”).
Upon review of plaintiffs’ petitions in this matter (and accepting plaintiffs’ well-pleaded allegations as true), we find that plaintiffs have sufficiently pled that a contract between the parties exists. Plaintiffs have further alleged that defendants, in failing to comply with any of the procedural requirements provided in the Masonic Law Handbook, have breached the contract between the parties and that, as a result of defendants’ breach, they have suffered damages. Therefore, we find plaintiffs have sufficiently stated a cause of action for breach of contract to defeat defendants’ exception of no cause of action as to that claim. We therefore reverse the trial court’s judgment sustaining defendants’ exceptions of no cause of action as to plaintiffs’ claims for damages for breach of contract and wrongful expulsion, suspension, or reprimand.
Regarding their defamation claims, plaintiffs contend the trial court erred in sustaining defendants’ exceptions of no cause of action and assert that their petitions state a valid cause of action against defendants for defamation. In their original and supplemental petitions, plaintiffs alleged that defendants defamed their reputations within the Mason community.
As to the individually named defendants, officers and members of the Grand Lodge, plaintiffs claimed that defendants defamed them at local lodge meetings by accusing plaintiffs of violating masonic law and enriching themselves individually to *965 the detriment of the Mason community. Plaintiffs alleged that defendants accused plaintiffs of asking for money from lodge members for the purchase of stock in the New Orleans Craft Temple, a mason-affiliated organization, without | ^authorization and for only their own personal gain and not for the benefit of any mason-related organization.
As to the Grand Lodge defendant-organization, plaintiffs alleged that the Grand Lodge defamed them by publishing and disseminating to the masonic community, in its annual report, the news of plaintiffs’ expulsion, suspension, and reprimand.
In support of their exceptions of no cause of action, defendants argued that plaintiffs could not prove one element of their defamation claim — falsity of the alleged statements — because the expulsion, suspension, and reprimand did in fact occur and, thus, the statements made were truthful. Plaintiffs concede that the publication of the disciplinary actions was truthful but argue that the publication caused others to infer that plaintiffs committed wrongful acts, which they contend is false.
The trial judge sustained defendants’ exceptions of no cause of action related to plaintiffs’ defamation claims, finding that plaintiffs failed to state allegations to prove necessary elements of their claims, falsity of the statements and damages. In this appeal, plaintiffs complain that the trial judge erred in sustaining defendants’ exceptions and improperly considered defendants’ truth defense to their defamation claims.[7] Upon review of the record, we find plaintiffs failed to allege all necessary elements to support their defamation claims against defendants and affirm the trial court’s judgment with regard to those claims.
Defamation is a tort which involves the invasion of a person’s interest in his reputation and good name. Huxen v. Villasenor, 01-288 (La.App. 5 Cir. 9/25/01), 798 So.2d 209, 212. To maintain an action for defamation, a plaintiff must prove (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. If even one of the required elements of the tort of defamation is lacking, the cause of action fails. Costello v. Hardy, 03-1146 (La.1/21/04), 864 So.2d 129, 140; Newcomer v. Bennett, 09-27 (La.App. 5 Cir. 10/13/09), 27 So.3d 858, 860-61.
As to the individually named defendants, we find plaintiffs’ petitions do not allege a vital element of their defamation claim — actual or implied malice. In their petitions, plaintiffs alleged that defendants accused them of violating masonic law and participating in the unauthorized sale of stock for their personal gain or enrichment. Plaintiffs alleged that defendants made these false statements at local lodge meetings and that such statements damaged their reputations in the Mason community.
In order to sufficiently plead a claim for defamation against the individual defendants, plaintiffs must allege that defendants made these statements with malice, actual or implied. Malice, for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the state *966 ment giving rise to the defamation.[8] Costello, supra, 864 So.2d at 143; Williams v. Nexstar Broad., Inc., 11-887 (La.App. 5 Cir. 4/10/12), 96 So.3d 1195, 1199-1200. Upon review of plaintiffs’ original and supplemental petitions, we find that plaintiffs failed to allege any operative facts upon which to support the necessary element of their claim against the individual defendants — that defendants made the alleged defamatory statements with actual or implied malice or with a lack of reasonable belief therein. 112Because plaintiffs’ petitions lack allegations to support one required element of their defamation claim, the cause of action fails. Costello, 864 So.2d at 140.
Regarding the defamation claims asserted against the Grand Lodge, we also find that plaintiffs’ petitions do not allege a vital element of their defamation claim against the Grand Lodge — falsity of the alleged defamatory statements. In then* original and supplemental petitions, plaintiffs assert that the Grand Lodge did in fact take adverse disciplinary actions against them. Plaintiffs state in their petitions that the expulsion, suspension, and reprimand did in fact occur. Further, in brief to this Court, plaintiffs further concede that the published statements reporting the disciplinary actions taken against plaintiffs were in fact true.[9] We find that, as to the defamation claims asserted against the Grand Lodge, plaintiffs have failed to state allegations to support a necessary element of their defamation claim — falsity of the alleged defamatory statement. Consequently, plaintiffs’ defamation action against the Grand Lodge also fails. Therefore, we find the trial court was correct in sustaining defendants’ exceptions of no cause of action as to plaintiffs’ defamation claims.

CONCLUSION

Accordingly, for the reasons provided herein, we reverse the trial court’s judgment sustaining defendants’ exceptions of no cause of action relating to plaintiffs’ claims for breach of contract and wrongful expulsion, suspension, or reprimand, and remand the matter to the trial court for further proceedings. In all other respects, the judgment of the trial court is affirmed.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. Plaintiffs assert that the Grand Lodge is the umbrella organization for the various local chapters or lodges of the Masons in the state of Louisiana. The individually named defendants are Frank N. duTriel, Jr., Jason Bruzik, Roy Tuck, Lloyd Hennigan, and Woody Bilyeu. The petition alleges that the individually named defendants are either Grand Lodge *961 officers or members of the law and jurisprudence committee for the Grand Lodge.

. In the original petition for damages filed in this matter, named plaintiffs also included New Orleans Craft Temple, Inc., New Orleans Craft Temple Foundation, Inc. and Connie Hahn, Stephanie Hahn, and Anni Hahn. However, New Orleans Craft Temple, Inc.’s suit (alleging breach of contract and LUPTA claims) was voluntarily dismissed on November 14, 2012. Defendants filed an exception of no cause of action against female plaintiffs Connie Hahn, Stephanie Hahn, and Anni Hahn, which the trial court sustained on August 8, 2012. The other remaining plaintiff, New Orleans Craft Temple Foundation, Inc., has not appealed the judgment at issue and its claims are not before this Court.

. Defendants previously filed exceptions of no cause of action in response to plaintiffs' original petition for damages. On July 13, 2012, the trial court sustained defendants’ excep *962 tions but allowed plaintiffs thirty days to amend their petition to state a cause of action. On August 13, 2012, plaintiffs filed a supplemental and amending petition asserting allegations discussed herein.

. In support of their position, defendants cite the Louisiana Fourth Circuit case Leary v. Foley, 07-0751 (La.App. 4 Cir. 2/13/08), 978 So.2d 1018, 1021, writ denied, 08-0589 (La.5/2/08), 979 So.2d 1288, which states that "Louisiana does not provide a cause of action for damages for wrongful expulsion from a private social club.” One of the judges on that panel, concurring with reasons, stated that, "while I agree that the facts as alleged by Mr. Leary in his petition for damages ... do not state a cause of action for the ‘wrongful expulsion' of his membership in the Tally-Ho Club, I cannot say that Louisiana law does not provide a cause of action for damages for the wrongful expulsion from a private social club.” Id. at 1022.
In light of the Louisiana Supreme Court’s indication in Jones, supra that, under certain circumstances, a court will in fact interfere with the affairs of a private organization (and, thus, a cause of action may exist), we disagree with the Fourth Circuit's decision in Leary and decline to apply it in this case.

. In their supplemental petition, plaintiffs alleged that the Handbook for Masonic Law for the Grand Lodge of the State of Louisiana provides that a member must be disciplined by its own local lodge and that the Grand Lodge, or umbrella organization, does not have jurisdiction or authority to discipline plaintiffs.

. In their supplemental petition, plaintiffs alleged that the Masonic law provides that a member may not be disciplined, even by his own lodge, without the filing of formal charges notifying the member of the nature of the charges against him. Plaintiffs state in their petitions that they did in fact receive a summons to appear before the Grand Lodge but that the summons did not notify them of any formal charges against them or the nature of the proceedings.

. Defendants also assert the defense of immunity for any alleged defamatory statements made during their investigation, claiming that the statements would have been made in the context of judicial or quasi-judicial proceedings. The record reflects that the trial judge did not consider this defense in rendering his judgment. Further, Plaintiffs do not raise this issue on appeal. Thus, we decline to address the issue of whether masonic organization "inquiries” or investigations qualify as judicial or quasi-judicial proceedings for purposes of an immunity defense to a defamation claim.

. "Malice” in this context is to be distinguished from actual malice or publication with knowledge that a statement is false or made with reckless disregard for its truth, which is constitutionally required in certain cases. See Costello, supra.

. Plaintiffs argue that because the underlying reason for the expulsion, suspension, or reprimand was false, that the claim should thus extend to allow recovery for the true statements (the news of the fact that the expulsion, suspension, and reprimand occurred) published in this case. Plaintiffs cite no case on point to support their position and we decline to allow a defamation claim to extend to the true statements at issue in this case.