FREDERICKS HOMBERG WICKER, Judge.
| gPIaintiff-Appellant, Wallace Drennan, Inc., (hereinafter referred to as Drennan) appeals the granting of an exception of no cause of action in favor of St. Charles Parish and V.J. St. Pierre, in his capacity as President of St. Charles Parish (hereinafter collectively referred to as “the Parish”), dismissing its Petition for Writ of Mandamus filed pursuant to La. R.S. 38:2191. For the following reasons, we reverse the ruling of the trial court and remand the matter for further proceedings on the Petition for Writ of Mandamus.
FACTS AND PROCEDURAL HISTORY
This case arises out of work performed pursuant to a contract with the Parish to replace existing metal culverts on Canal # 10 in St. Charles Parish. Following a bid process, the Parish determined Dren-nan to be the lowest bidder and Drennan commenced work on the project. The contract provided for a procedure whereby an engineer would have to approve each application for payment submitted by Drennan prior to disbursing payment.
|3The Petition for Writ of Mandamus asserts that the first eight of these applications were approved. It further asserts that Drennan submitted its ninth application for payment and, again, the engineer approved the application. However, the Parish refused to pay the amount submitted in Drennan’s ninth application. The petition further alleges that the Parish has not disputed that it owes the payment for the ninth application. However, the petition states that the Parish refused to pay the amount due in the ninth application because the Parish contends that it overpaid Drennan in its previous applications for payments.
In July of 2012, Drennan requested a Certificate of Substantial Completion, which was issued in March of 2013. Dren-nan recorded the certificate and the Parish thereafter made two partial payments to Drennan. However, the petition alleges that the Parish still owes Drennan $286,575.95 for work completed pursuant to the contract.
After Drennan’s amicable demand for payment was refused, Drennan filed a Petition for Writ of Mandamus pursuant to La. R.S. 38:2191(D)[1] to compel the Parish to pay the full amount owed under the contract. The Parish filed an Exception of No Cause of Action, asserting that Dren-nan does not have a cause of action in mandamus. The Parish argued that, under La. C.C.P. 3862[2], mandamus is not an appropriate remedy in this case because Drennan has the ability to pursue the relief requested through an ordinary pro *189 ceeding. The trial court, relying on 14general mandate principles, granted the Parish’s exception of no cause of action. The trial court found that Drennan has the ability to pursue the relief requested through other forms of proceedings and found that Drennan is not entitled to a mandamus proceeding. The instant appeal followed.
LAW AND DISCUSSION
The standard of review on appeal of a judgment sustaining an exception of no cause of action is de novo. Guidry v. Hanover Ins. Co., 09-220 (La.App. 5 Cir. 11/10/09), 28 So.Bd 426, 428. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. The peremptory exception of no cause of action is triable solely on the face of the petition and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. Id.
Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action. New Orleans Craft Temple, Inc. v. Grand Lodge of Free & Accepted Masons of the State of Louisiana, 13-525 (La.App. 5 Cir. 12/19/13), 131 So.3d 957, 962. Because the trial of the exception is solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. Id. An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Id.
The mover has the burden of demonstrating the petition states no cause of action. The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiffs behalf, the petition states a valid cause of action for relief. Id.
In the instant matter, Drennan filed its Petition for Writ of Mandamus for payment for services performed under a contract with a public entity, the Parish. |fiDrennan sought mandamus pursuant to La. R.S. 38:2191, which provides as follows:
A. All public entities shall promptly pay all obligations arising under public contracts when the obligations become due and payable under the contract. All progressive stage payments and final payments shall be paid when they respectively become due and payable under the contract.
B. Any public entity failing to make any final payments after formal final acceptance and within forty-five days following receipt of a dear lien certificate by the public entity shall be liable for reasonable attorney fees.
C. The provisions of this Section shall not be subject to waiver by contract.
D. Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract.
Emphasis added.
Drennan’s petition' alleges: (1) that Drennan performed its work and submitted pay requests to the Parish, which is a public entity, in accordance with the contract; (2) that Drennan performed additional work beyond the originally contemplated scope at the Parish’s request in accordance with the contract; (3) that the Parish wrongfully withheld payments that *190 were due under the contract which the Parish previously approved; and (4) that the Parish’s refusal to pay is unreasonable and in violation of the Public Bid Law, La. R.S. 38:2191 et seq. .
We find that Drennan’s Petition for Writ of Mandamus sufficiently states a cause of action for payments due pursuant to its contract with the Parish and that La. R.S. 38:2191(D) specifically provides that such disputes “shall be subject to mandamus .... ” The trial court’s reliance on the general principles of mandamus is misplaced. La. C.C.P. art. 3862 provides that mandamus is only appropriate in | ¿‘cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice[.]” However, La. R.S. 38:2191 is a recently enacted exception to the general principles of an action for mandamus. This provision allows a contractor to maintain an action against a public entity when final sums are due. If ordinary proceedings were the only remedy available to an aggrieved contractor, then the legislature would not have enacted this provision of law. The circumstances at bar are exactly the circumstances La. R.S. 38:2191 is intended to address.
We further find that the trial court erred in focusing on the disputed amounts owed. That is a factual issue and as such is not relevant for determining whether Drennan properly asserted a cause of action in its Petition. The actual amount owed, if any, is a matter that can be determined on the merits at the hearing on Drennan’s Petition for Writ of Mandamus.[3]
Accordingly, for the reasons set forth herein, the trial court’s ruling on the Exception of No Cause of Action is reversed. This matter is hereby remanded to the trial court for further proceedings consistent with this opinion.

REVERSED; REMANDED.

. La. R.S. 38:2191(D) provides:
Any public entity failing to make any progressive stage payments arbitrarily or without reasonable cause, or any final payment when due as provided in this Section, shall be subject to mandamus to compel the payment of the sums due under the contract up to the amount of the appropriation made for the award and execution of the contract.

. La. C.C.P. art. 3862 provides:
A writ of mandamus may be issued in all cases where the law provides no relief by ordinary means or where the delay involved in obtaining ordinary relief may cause injustice; provided, however, that no court shall issue or cause to be issued a writ of mandamus to compel the expenditure of state funds by any state department, board or agency, or any officer, administrator or head thereof, or any officer of the state of Louisiana, in any suit or action involving the expenditure of public funds under any statute or law of this state, when the director of such department, board or agency, or the governor shall certify that the expenditure of such funds would have the effect of creating a deficit in the funds of said agency or be in violation of the requirements placed upon the expenditure of such funds by the legislature.

. Drennan also assigns as error the trial court’s consideration of a separate petition Drennan filed in the 29th Judicial District Court for amounts due under the same contract. At the trial on the Parish’s exception of no cause of action, the Parish introduced a copy of a separate petition that Drennan filed in the 29th Judicial District Court for monies owed under the same contract between Dren-nan and the Parish. On appeal, Drennan asserts that the trial court erred in considering such evidence on an exception of no cause of action. Under La. C.C.P. art. 931, parties may introduce no evidence to support or controvert the exception. However, the jurisprudence recognizes an exception to this rule that allows the court to consider evidence admitted without an objection to enlarge the pleadings. See, Emigh v. West Calcasieu Cameron Hospital, et al., 145 So.3d 369 (La.2014); City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748, 756; Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010 (La.App. 1 Cir. 3/27/97), 691 So.2d 751, 754, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982. The record reflects that Drennan’s counsel did not object to the introduction of the separate petition, marked as Defense Exhibit “1”. Therefore, the parties enlarged the pleadings at the trial on the exception and the trial court did not err in her consideration of the evidence introduced without objection.