FREDERICKS HOMBERG WICKER, Judge.
| j>Plaintiffs/Appellants, Diana Becnel, George Becnel, and Johnna Hurd appeal the trial court’s granting of Defendant/Ap-pellee Dr. Leanne Redman’s Exception of No Cause of Action, which dismissed all of plaintiffs’ claims against her. For the following reasons, we reverse the trial court’s judgment and remand the matter for further proceedings consistent with this opinion.
FACTUAL AND PROCEDURAL HISTORY
On October 10, 2013, Diana Becnel, George Becnel, and Johnna Hurd filed suit against Advocare, a self-described “health and wellness” company, and against the members of the Advocare Scientific and Medical Advisory Board. According to her petition, Ms. Becnel is a personal trainer and the owner of a day spa and salon who was originally interested in selling Advocare’s products. The petition further states that Ms. Becnel was referred to Advocare by a friend, and was “impressed with Advocare’s seeming commitment to health, nutrition, wellness, and fitness.” Ms. Becnel’s petition quotes sections from Advocare’s website | ¡¡which includes accolades about Advocare’s “highly regarded and recognized” Scientific and Medical Advisory Board. Appellee, Dr. Leanne Redman, is a member of Advo-care’s Scientific and Medical Advisory Board. According to Ms. Becnel’s petition, Advocare’s website boasts that members of the Scientific and Medical Advisory Board “use their knowledge and experience in the fields of medicine, nutrition and science to ensure that all Advocare products are formulated with the highest quality ingredients based on the latest scientific researeh.” The petition states that after researching Advocare, Ms. Becnel ultimately decided to try Advocare’s “SLAM” energy product.
Ms. Becnel’s petition alleges that she began to feel adverse effects from the “SLAM” energy product before she could throw the bottle in the trash. According to her petition, she lost consciousness shortly after consuming the “SLAM” energy product and was transported by ambulance to St. Charles Parish Hospital. She was later diagnosed with a seizure disorder and a myocardial infarction secondary to her reaction to the “SLAM” energy product. The petition further states that Ms. Becnel “believed that the SLAM product had been fully researched by the Scientific and Medical Advisory Board and that the product was safe for use by everyone.” Ms. Becnel’s petition alleges that Advocare and the Scientific and Medical Advisory Board are liable for a construction of composition defect pursuant to La. R.S. 9:2800.55, and a design defect under La. R.S. 9:2800.56. Becnel further alleges that Advocare and their Scientific and Medical Advisory Board are liable to her for negligent misrepresentation.
According to her petition, Ms. Becnel’s damages as a result of ingesting Advo-care’s “SLAM” product include her past and future pain and suffering, lost wages, mental anguish, medical costs, and loss of enjoyment of life. Ms. Becnel’s husband, George Becnel, and daughter, Johnna Hurd, also brought claims for loss |4of consortium. In addition, Ms. Hurd brought a claim for Lejeune[1] damages because she alleges that she was present at the time when her mother lost conseious *100 ness after drinking the “SLAM” energy product.
The trial court held a hearing on Dr. Redman’s Exception of No Cause of Action on March 27, 2013. On April 28, 2014, the trial court granted Dr. Redman’s Exception of no Cause of Action. This timely appeal follows.
DISCUSSION
Both of Plaintiffs’ assignments of error concern whether or not the trial court properly granted Dr. Redman’s Exception of No Cause of Action. In their first assignment of error, Plaintiffs argue that the district court erred in granting Dr. Redman’s Exception of No Cause of Action because they properly alleged a claim of negligent misrepresentation against Dr. Redman and the other members of Advo-care’s Scientific and Medical Advisory Board. In their second assignment of error, Plaintiffs argue that the district court erred in granting the Exception of No Cause of Action because they properly alleged the duty owed by Dr. Redman in their original petition for damages.
The standard of review for an appellate court examining a trial court’s granting of an exception of no cause of action is de novo because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. Fink v. Bryant, 01-0987 (La.11/28/01), 801 So.2d 346. Since the evaluation of an exception of no cause of action is performed solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. New Orleans Craft Temple, Inc. v. Grand Lodge of Free & Accepted Masons, 13-525 (La.App. 5 Cir. 12/19/13); 131 So.3d 957, 963. On review, the | ^pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiffs behalf, the petition states any valid cause of action for relief. Ramey v. DeCaire, 03-1299 (La.03/19/04); 869 So.2d 114, 119. In reviewing an exception of no cause of action, we accept the plaintiffs well-pleaded allegations as true. La. C.C.P. art. 931; Lejeune, supra, 556 So.2d at 566.
In their second assignment of error, Plaintiffs argue that the trial court erred in finding that they did not adequately plead that Dr. Redman had a duty to Ms. Becnel. Under Louisiana law, whether a duty is owed is a question of law. Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364, 1371 (La.1984). For a plaintiffs petition to survive a challenge by exception of no cause of action, the plaintiff must specifically plead a duty. Pham v. Contico Int’l, Inc., 99-945 (La.App. 5 Cir. 03/22/00); 759 So.2d 880, 883. However, they are not required to go beyond the petition to the merits of the case and prove that a duty exists. New Orleans Craft Temple, Inc., supra.
In this case, Plaintiffs’ petition specifically alleges that Dr. Redman both had a duty to warn Diana Becnel of the potential harm associated with consuming Advo-care’s “SLAM” product, and breached that duty. Specifically, Plaintiffs petition outlines the statements made by Advocare in their advertising materials, which strongly implied that Dr. Redman and the other members of the Scientific and Medical Advisory Board approved of the contents of Advocare’s products. Plaintiffs petition further alleges that the Scientific and Medical Advisory Board “knew or should have known that the ingredients in the SLAM product were substantially similar to the ingredients in 5-Hour Energy,” and that they “knew of should have known of the 90 filings with the FDA that mentioned 5-Hour Energy.” Accepting these allegation as true, we find that the plaintiffs in this case have adequately alleged that Dr. *101 Redman and the other members of the' Scientific and | (¡Medical Advisory Board owed a duty to Diane Becnel to warn her of any risks associated with the consumption of Advocare’s product.
Plaintiff’s first assignment of error argues that the trial court erred in finding that they did not adequately plead a claim of negligent misrepresentation. Louisiana Civil Code Article 2315 has been interpreted to allow a cause of action for negligent misrepresentation under Louisiana tort law. To state a cause of action under the theory of negligent misrepresentation, a plaintiff must show that there is a legal duty on the part of the defendant to supply correct information, there must be a breach of that duty, and the breach must have caused plaintiff damage. Barrie v. V.P. Exterminators, Inc., 93-0679, 625 So.2d 1007, 1015 (La.1993).
As discussed above, we find that Plaintiffs’ petition properly alleged that the Scientific and Medical Advisory Board had a duty on the part of the defendant to supply correct information. Further, we find that Plaintiffs have properly alleged a breach of said duty. According to Plaintiffs’ petition, “[t]he Scientific & Medical Advisory Board should have placed a warning on the label of the SLAM product noting the known risks of ingesting the SLAM product.” Accepting these allegation as true, we find that Plaintiffs have adequately alleged that Dr. Redman and the other members of the Scientific and Medical Advisory Board breached their duty to Diane Becnel to warn her of any risks associated with the consumption of Advocare’s product.
Finally, we find that Plaintiffs’ petition is adequate with regard to causation. According to Plaintiffs’ petition, the apparent prestige of the Scientific and Medical Advisory Board was a substantial factor in her decision to consume Advocare’s product. Further, the petition states Ms. Bec-nel began to feel adverse effects from the “SLAM” energy product even before she could discard the bottle. |7The petition further alleges that she lost consciousness shortly after consuming the “SLAM” energy product and was transported by ambulance to St. Charles Parish Hospital. Finally, the petition claims that Ms. Becnel was later diagnosed with a seizure disorder and a myocardial infarction secondary to her reaction to the “SLAM” product. Accepting these allegations as true, we find that Plaintiffs have adequately pleaded their claim that the Scientific and Medical Advisory Board’s actions caused Ms. Becnel damage.
CONCLUSION
For the foregoing reasons, we find that Plaintiffs stated a cause of action in their petition. Accordingly, the trial court’s granting of Dr. Redman’s Exception of No Cause of Action is reversed and the matter is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED

. Lejeune v. Rayne Branch Hosp., 89-0575 (La.1990), 556 So.2d 559. (Damages are recoverable for mental pain and anguish suffered as a result of witnessing an event causing injury to another person).